STEWART v. THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY.

1. NEW TRIAL. Where a jury when they retired to consider upon their verdict carried with them a deposition which was not read upon the trial, and read and considered the same in arriving at their verdict, it was held, that as the deposition was favorable to the party for whom the jury returned a verdict, such verdict should be set aside and a new trial granted.
2. DISCRETION. The discretion exercised by the District Court in ruling upon a motion for a new trial upon that ground was a legal one and can be reviewed by the Supreme Court.
3. AFFIDAVITS OF JURORS. Affidavits of jurors cannot be received to impeach their verdict; but may be considered when they show the misconduct of the jury in finding the same.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 6.

THE plaintiff brought suit to recover of defendant the price

of a certain quantity of cord wood. Trial by jury and verdict for the plaintiff. The defendant filed a motion for a new trial based upon the affidavit of four of the jurors, in which they state that the jury in said cause, took with them to their jury room, a certain deposition taken by the plaintiff in said cause, but which was not read or used in evidence before them upon the trial of said cause.

Motion overruled, defendant appeals.

*D. Rorer* for the appellant.

*M. D. Browning* for the appllee.

BALDWIN J.—Two questions are presented for the consideration of the court in the decision of this case.

I. Was the defendant prejudiced by the conduct of the jury in entertaining evidence that was not introduced upon the trial?

II. Can the affidavits of jurors be admitted by the court, (showing their misconduct, in taking with them to their room and considering such testimony,) in support of an application for a new trial?

It appears from the bill of exceptions that after the verdict of the jury was returned into court, the defendant moved the court to grant a new trial; which motion is based upon the affidavit of four of the jurors who swear that they carried with them to their jury room the deposition of Hiram Altemus, which was not offered in evidence before them upon the trial of said cause; that the jury considered and used said deposition in the determination of said cause in the jury room, and were influenced by it in making up their verdict. The deposition used by them had been taken by the plaintiff, but was not introduced upon the trial. How it came into the possession of the jury does not appear. The evidence contained in said deposition is favorable to the plaintiff, and if considered by the jury may have induced them to find as they did.

A jury is sworn to try the cause submitted to them upon the evidence introduced, and to permit them to take into consideration, evidence not produced upon the trial, and without the knowledge or consent of the opposite party, is subversive of all rules which govern the admissibility of testimony, and of the right of a fair and impartial trial by jury.

Whether such conduct on the part of a jury will entitle a party to a new trial, depends in a great degree, upon the character of the evidence thus considered by them. "The jury must not hear any evidence in private before them, either to refresh their memory as to what has passed at the trial, or as to any new matter which may arise during their deliberations; for if they do, the verdict will be invalid and a *venire de novo* must be awarded; nor can they carry with them any writing, paper or deed, which was not given in evidence in open court; for if they do so, and find for the party by whom the documents were handed to them, it will avoid the verdict, though not if they decide against him. See Gra. and Wat. on New Trials, chapter 6, section 7, note 2. Where a paper which is capable of influencing the jury on the side of the prevailing party goes to the jury by accident, and is read by them, the verdict will be set aside although the jury may think they were not influenced by such paper, it being impossible for them to say what effect it may have had on their minds," 7 Geo. Rep. 282; 5 Pick. 297. In *Losesdale* v. *Brown*, 4 Washington C. C. Rep. 148, where the jury took out with them a deposition, part of which was not read on the trial, WASHINGTON. J. said: "If the parts of the deposition, which were not read were material to plaintiff's case, we should think the verdict ought not to stand." Where a paper not read in evidence was handed to the jury, when they retired, by mistake, a new trial was granted. The court upon looking at the paper ascertained that it furnished material evidence in favor of the prevailing party, and upon an application to examine the jurors to show that they were

not influenced by the paper in finding their verdict, the court refused to allow such examination, observing that the court must be governed by the tendency of the paper apparent from the face of it; that it would be difficult for jurors to decide how their minds had been influenced in forming their verdict. 5 Mass. Rep. 405.

It is submitted by the counsel for the appellee that the granting or not of a new trial is a discretionary power in the trial court; that the Judge of the District Court, who heard all of the evidence, who was familiar with the whole features and legal anatomy of this case, upon mature deliberation, in the exercise of a sound discretion, refused to grant to the appellant a new trial; and that such discretion should never be revised by this court, unless it be shown that the ends of justice imperatively demanded it. Such discretion sometimes becomes a legal one, and when such, if erroneously exercised, it is the province and duty of this court to review this character of error as well as any other. In this case it is purely a question of law for the court to pass upon, namely, did the consideration of this deposition by the jury, it being before them without the knowledge or consent of the defendant, and being evidence favorable to the plaintiff, entitle the defendant to a new trial? The District Court held that it did not. In this we think there was error.

The second question to be determined is, whether the affidavits of the jurors alone can be considered in establishing the fact that such deposition was before them, and was read by the jury, and did influence them in finding their verdict. The affidavits of the jurors were the only evidence offered in support of defendant's motion for a new trial. It appears to be a well settled principle that the affidavit of jurors can not be considered by the court as impeaching their own verdict. Chapter 16, section 10, Gra. & Wat. on New Trials, page 1428; Cook, Sargent & Cook v. Sypher, 3 Iowa 484, and the authorities there cited. While such affidavits may not be received by the court for the purpose of impeaching their

verdict, yet under the provisions of the Code, section 1810, such affidavits may be considered as showing any misconduct upon the part of the jury in the finding of their verdict, and it has been so held by this court in the cases of *Forshee* v. *Adams*, 2 Iowa 579; *Manix* v. *Malony*, 7 Iowa 81; and *Ruble* v. *McDonald*, Ib. 90.

The jury, in considering evidence that was not properly before them, and in allowing themselves to be influenced thereby, violated their duty as jurors, and the rights of the parties may have been prejudiced thereby. Under section 1810 of the Code such affidavits should be considered when they show such misconduct upon the part of the jury.

*Judgment reversed.*