## STURGEON v. FERRON.

1. NEW TRIAL: CUMULATIVE EVIDENCE. A new trial will not be granted under § 3116 of the Revision of 1860, upon newly discovered evidence which is merely cumulative.

*Appeal from Appanoose District Court.*

WEDNESDAY, DECEMBER 3.

ACTION on a promissory note. The facts appear in the opinion of the court.

*Casady & Polk* for the appellant.

*C. C. Cole* and *H. Tannehill* for the appellee.

I. The transcript does not show affirmatively that it contains all the evidence, and unless it is shown affirmatively that all the evidence is before this court, the judgment of the District Court will not be disturbed. *Napier* v. *Wiseman*, 3 G. Greene, 246; *Stockton* v. *City of Burlington*, 4 Id., 84; *Brobst* v. *Thompson*, 4 Id., 135; *Curts* v. *Scoles & Turner*, 1 Iowa, 471; *Brady* v. *Malone*, 4 Id., 146.

II. The party asking a new trial on the ground of newly discovered evidence, must aver and prove facts showing the exercise of due diligence to discover such evidence before the trial, and unless such diligence is shown, a new trial·

will not be granted—in this case no diligence is averred or proved. *Mays* v. *Deaver*, 1 Iowa, 216; *Pelamourges* v. *Clark*, 9 Id., 1; *Williams* v. *Baldwin*, 18 Id., 489; *Shlenker* v. *Risley*, 3 Scam., 486.

III. It is a well settled rule of law that newly discovered evidence which is merely cumulative, furnishes no sufficient reason for a new trial. *Smith* v. *Brush*, 8 John., 84; *Pike* v. *Evans*, 15 Id., 210; *Reed* v. *McGrew*, 5 Ohio, 375; *Reeves* v. *Royal et al.*, 2 G. Greene, 451; *Manix* v. *Malony*, 7 John., 81; *McDaniels* v. *Van Fozen*, 11 Id., 195,

LOWE, J. — A petition for a new trial, filed agreeably to the provisions of § 3116 of the Revision of 1860, under the following circumstances:

The defendant, Ferron, held a note secured by mortgage of $850.00 against the plaintiff, upon which was indorsed three credits; two of these were for $200 each, and the third was for $300. Ferron, on filing his petition to foreclose said mortgage for the balance due thereon, alleges that the last credit of $300 was erroneous and should have indorsed for $100 only; that the same was written by the said Sturgeon and signed by him without reading, supposing it to be for the amount actually paid. This allegation being denied, the question thus raised was submitted to a jury who found in favor of Ferron, for the amount of whose claim a judgment was rendered less the credit of $300, instead of $100. Some seventeen days after the adjournment of the court, under the right and privilege conferred upon him by the above-named section of the Revision, Sturgeon filed his petition in this case for a new trial, upon the ground of evidence discovered since the adjournment of the court, and which could not with reasonable diligence have been discovered before. The petition states that since the trial he learned that his son, David Sturgeon, then living with the petitioner, was in the room a part of the time when the payment was

made about which this controversy arose, and recollects to have seen Ferron count two hundred dollars of the money, and was counting more when said David's attention was called in another direction.   It was further stated that said witness recollected to have heard petitioner read to said Ferron the receipt for three hundred dollars, before the same was signed by him, the said Ferron, and it is alleged that petitioner so testified on the trial, but that Ferron denied that said receipt was read to him, &c.   Under the statute these allegations are to be considered as denied without any further pleadings.   Upon the final hearing of this petition the court found the facts testified to by Robert Sturgeon, the father, on the former trial, as well as the facts which David Sturgeon, the son, testified to in this proceeding, and it is very apparent that the evidence of the latter was included in the former, and was therefore only cumulative; and as such would not warrant the granting of a new trial, and the dismissal of the petition by the court below will stand

