## HALL & Co. v. ROBISON.

25   91
95   528

25   91
103   609

25   91
111   487

25   91
f125   72

25   91
135   200

1. Verdict and jury: AFFIDAVITS OF JURORS. The weight given to testimony, the calculations of jurors, and the like, necessarily inhere in the verdict itself, and the affidavits of jurors in relation thereto cannot be received for the purpose of impeaching their verdict.

2. —— FACTS WHICH DO NOT INHERE IN THE VERDICT: ERROR WITHOUT PREJUDICE. As to facts which do not essentially inhere in the verdict, but transpired in the jury room, as the statement of one of the jurors of what he had heard outside, affidavits may be received. A juror has no right to state facts outside the case as made in court, to his fellow jurors after their retirement and for their consideration in making up their verdict. But where there is no showing or ground to infer that the matter stated by the juror influenced the result or worked prejudicially to the party complaining, the verdict will not be disturbed.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 11.

ACTION by the payees against the maker upon two promissory notes. Defense, by way of counter claim, that the notes were given in part payment for a lot of agricultural implements, known as Sprout's patent horse hay rakes, sold by plaintiffs to defendant, and warranted to be of a certain quality and fit for the use for which they were made; that in fact they were not of the quality warranted, and were entirely unfit for use as hay rakes, and worthless — to the defendant's damage, as stated, and more than the amount of plaintiffs' claim. Upon the first trial there was a verdict for defendant, which was set aside by the District Court and new trial granted. On the second trial the jury allowed defendant $1,450 damages, and rendered verdict for plaintiffs for balance of claims sued on, to wit, $1,508.40. Motion for new trial overruled, and defendant appeals. The further facts are stated in the opinion.

*Shiras, Ballou & Van Duzee* for the appellant.

*Austin Adams* for the appellees.

COLE, J. — The overruling of the motion for a new trial, is substantially the only error complained of. This motion is based upon three grounds: First, upon newly discovered evidence; and as to this, the counsel concede in argument the failure of defendant to make a case for new trial under the rules heretofore recognized and enforced by this court. Second, upon the affidavits of two of the jurors, who tried the cause, setting forth the basis upon, or calculation by means of which they, according to their estimate of the

1. VERDICT AND JURY: affidavits of jurors.

testimony, arrived at the verdict rendered; they do not even state that the basis or calculation set forth was the one adopted by the whole jury. These affidavits were, on motion of the plaintiffs, stricken from the files, and properly so, under the rule laid down by this court in *Wright* v. *The Ill. & Miss. Tel. Co.* (20 Iowa, 185), and approved and followed in *Hendrickson* v. *Kingsbury* (20 id. 380). The weight given to the testimony, the calculations and judgments of the jurors, and the like, necessarily inhere in the verdict itself, and are not proper to be shown by affidavit of jurors to impeach or defeat their verdict.

Third, upon the affidavit of one of the jurors "that while the jury were in their room consulting as to their verdict, I stated to one or more of the jury that one P. McGeehan told me that he had one of those rakes from M. S. Robison (defendant) and paid fifty-five dollars for it, and bragged tremendously on the working of the rake." This affidavit was also stricken from the files on motion of plaintiff's counsel. It was error to strike this affidavit from the files, since it was an affidavit of a fact occurring in the jury-room, not essentially inhering in the verdict itself. Suppose the plaintiff had stepped into the jury-room and stated to the whole jury the same matter, and it had been heard or considered by them. No reasonable question could arise under the rule heretofore laid down as to the legality or propriety of receiving the affidavit of a juror as to such fact. A juror has no right to give testimony or state facts outside the case made in court to his fellow jurors, after their retirement and for their consideration, in making up the verdict in the case. The only proper way in which facts known to a juror can be given to his fellow jurors, is by having such juror sworn and testify as a witness.

But in this case the further question remains as to

*2. —— facts which do not inhere in the verdict: error without prejudice.*

Hall & Co. v. Robison.

whether the defendant has been prejudiced by the error of the court in striking the affidavit from the files. This involves the inquiry whether the affidavit states facts entitling the defendant to a new trial. In determining this question, it is proper to remark that a very different consideration should be given this case than if the same matter had been stated to the jury by the plaintiffs, their attorney or another person in their interest. In such case, the fraud evinced by such conduct might entitle the opposite party to a new trial, without a very definite inquiry as to prejudice resulting from it. In this case, however, there is no suggestion of fraud or bad faith on the part of the juror, and the statement made is to be measured by the exact language of the affidavit showing it. By reference to it, as copied above, it will be seen that the statement was not made by the juror as of his own knowledge, nor to the jury collectively but to one or more of the jury; the affidavit does not state that the matter had any influence with the juror to whom it was stated, nor with him even in making up his verdict; nor is it shown to have been stated to the juror as a fact to be considered; affidavits of two other jurors were taken for use in the motion for a new trial, and no reference or showing is made by them, or either of them, to the matter stated; the affidavit of the "one or more of said jury," to whom the matter was stated, is not taken, nor is there any showing or ground for inference of prejudice to defendant by reason of the matter stated by the juror. In our view, the affidavit of the juror fails to make a case requiring a new trial to be granted. It follows, therefore, that, although there was error in striking the affidavit from the files, it was error without affirmative prejudice shown, and hence does not call for a reversal. It is proper to remark that the transcript does not contain all the evidence, and hence

we cannot tell whether the verdict is contrary to evidence or not. No exception was taken to the instructions, and hence no questions arise thereon for our review.

Affirmed.