COWLES, Adm'x, v. THE CHICAGO, R. I. & P. R. R. Co.

1. Jury and verdict: IMPEACHMENT OF VERDICT. Affidavits of jurors will not be received for the purpose of impeaching or avoiding their verdict in respect to a matter which essentially inheres in the verdict itself.

2. —— It is accordingly *held*, that affidavits of jurors cannot be received for the purpose of showing that a juror read a part of the answer, and exhibit thereto, which had been held bad on demurrer, and that he was thereby influenced to consent to the verdict.

*Appeal from Polk District Court.*

WEDNESDAY, OCTOBER 25.

THIS action was brought to recover damages caused by the killing of the plaintiff's intestate, an employee of the defendant, by the wrongful and negligent act of defendant.

The defendant answered. The sixth count of the answer was in the following words:

" That plaintiff's intestate was employed as brakesman and switchman on defendant's railroad under a written contract referred to by copy in words and figures as follows, to wit:

" This contract and agreement witnesseth: the Chicago, Rock Island and Pacific Railroad Company, existing as a consolidated company in the States of Illinois and Iowa, desiring to place its employees in both States on an equality as to pay, liability of the company to them in their several capacities, and to establish a uniform rule on the entire line of said company's road, do hereby make the following contract with James E. Cowles, of Des Moines; the said company agreeing to pay the said James E. Cowles the sum of forty-five dollars per month, and at the same rate for a less time, so long as shall be mutually satisfactory to both parties. And, in consideration of said

sum so agreed to be paid, I, the said James E. Cowles, hereby agree to work for the said railroad company as a switchman and brakesman, at and for the price aforesaid.

" And I further contract and agree for the consideration aforesaid, as well for myself, my heirs and administrators, that I will assume and take upon myself all risks of damages or injuries to myself or property, suffered by me, according to the common law in force in the State of Illinois at this time, and as the law was in the State of Iowa prior to the 8th of April, A. D. 1862, hereby expressly stipulating with said company that the seventh (7th) section of an act of the General Assembly of Iowa, entitled ' An act in relation to the duties of railroad companies,' approved the 8th of April, A. D. 1862, shall be excluded from and held to be inoperative in this contract, and that no part of the provisions of said section seven (7) shall be deemed applicable to this agreement, nor shall the said James E. Cowles, his heirs, widow or administrator, claim damages under and by virtue of said section seven (7) for any injuries occasioned to said James E. Cowles while in the employ of said company under this contract."

It is expressly understood and agreed, that if the said James E. Cowles shall be temporarily assigned to other kinds of work on or about the said company's trains or yards or track, this contract, as to accidents, injuries and compensation, shall apply to such duties as the said James E. Cowles may be assigned to perform.

Said 7th section of said act reads as follows, to wit:

" Section 7. Every railroad company shall be liable for all damages sustained by any person, including employees of the company, in consequence of any neglect of the agents, or by any mismanagement of the engineers or other employees of the corporation to any person sustaining such damage."

" In witness whereof, the parties to this contract have hereunto set their hands this first day of May, A. D. 1870.

"C., R. I. & P. R. R. COMPANY,

· "By H. F. ROYCE, *Assistant Superintendent.*

" JAMES E. COWLES, *Employee."*

To this count a demurrer was interposed by plaintiff, which was sustained, and a trial was had to a jury on the remaining issues.   The parties agreed that the jury should return a sealed verdict, which they did, and, upon being opened, was found to be a general verdict for defendant.

The plaintiff thereupon filed a motion, based upon affidavits of jurors, to set aside the verdict and grant a new trial. · The affidavits are to the effect that John Cowger, one of the jurors, would have found for plaintiff upon the evidence, but that upon reading the contract set out in the sixth count of the answer, and treating the same as evidence, and upon that alone, consented to a verdict for defendant.   Defendant moved to strike these affidavits from the files.   The court overruled defendant's motion, sustained that of the plaintiff, and granted a new trial, from which orders defendant appeals.

*Withrow & Wright* for the appellants.

*Finch & Rivers* for the appellee.

MILLER, J. — The record represents the single question whether the affidavits filed in support of plaintiff's motion were admissible and competent to impeach the verdict. The general rule, established by the decisions of this court, is, that affidavits of jurors may be received for the purpose of avoiding their verdict, to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his attorney or agent; that witnesses or others conversed as to the facts or merits of the case out of court, and in presence of the jurors; that the

verdict was determined by aggregation and average, or by lot, or by game of chance, or other artifice, or improper manner. But such affidavits will not be received to show any matter which does not essentially inhere in the verdict, as that the juror did not assent to it, that he did not understand the instructions of the court, the statements of witnesses or the pleadings in the case; that he was unduly influenced by his fellow jurors, or mistaken in his calculation or judgment, or other matters resting alone in the breast of the juror. *Wright* v. *The Ills. & Miss. Telegraph Co.*, 20 Iowa, 195; *Davenport* v. *Cummings*, 15 id. 219; *Jack* v. *Naber*, id. 450; *Barton Holmes*, 16 id. 252; *Forshee* v. *Abrams*, 2 id. 571; *Abel* v. *Kennedy*, 3 G. Greene, 47; *Lloyd* v. *McClure*, 2 id. 139; *Cook, Sargent & Cook* v. *Sypher*, 3 Iowa, 481; *Mannix* v. *Maloney*, 7 id. 81; *Grady* v. *The State*, 4 id. 461; *Ruble* v. *McDonald*, 7 id. 90; *Schanler* v. *Porter*, id. 482; *The State* v. *Accola*, 11 id. 246.

In *Stewart* v. *Burlington and Missouri River Railroad Co.*, 11 Iowa, 62, the jury took with them to their room and there read the deposition of a witness, taken by plaintiff, in whose favor the verdict was given. This fact was shown to the court by the affidavits of jurors. This court, in passing upon the admissibility of these affidavits (per BALDWIN, J.), recognized the rule to be well settled that " such affidavits may not be received by the court, for the purpose of impeaching their verdict, yet, under the provisions of the Code (§ 1810), they may be considered as showing any *misconduct* upon the part of the jury, in finding their verdict." They were held admissible in that case as showing *misconduct* on the part of the jury in taking and reading a deposition in their room. The decision was placed upon this ground, and upon this alone. The affidavits did not show that the jurors were influenced by the deposition in finding their verdict. This was presumed from the verdict itself, the *misconduct* being shown. In

Cowles, Adm'x, v. The Chicago, R. I. & P. R. R. Co.

the case before us there was no misconduct, on the part of the jury, shown by the affidavits. They took with them to their room no papers not proper for them to have. The portion of the answer, to which a demurrer had been sustained, was not improperly in the custody of the jury — being a count in the answer and part of the records of the cause. It would have been a proper precaution, on the part of the court, to have told the jury not to consider that portion of the answer demurred to or the copy of the contract annexed thereto, but such an instruction was not asked, and no objection was made to the jury taking the papers including the plea demurred to.

The grounds urged for setting aside the verdict were, that a juror read a part of the answer and the exhibit thereto, which had been held bad on demurrer, and was thereby induced to consent to the verdict. This is shown alone by the affidavits of jurors. It seems to us very clear that this cannot be done under the rule ; that the matter here sought to be shown is such as essentially inheres in the verdict. What it was that induced the juror to consent to the verdict must alone rest in his own breast, and he cannot, and ought not, to be allowed to impeach his verdict, formally and solemnly rendered.

The order of the court below, setting aside the verdict and awarding a new trial, is

Reversed.