## MORRIS v. HOWE.

1. **Jury and verdict:** TAKING DEPOSITION : ADMISSIBILITY OF AFFIDAVITS. That the jury took with them to their room a deposition which had on motion been suppressed, and that a portion of it was read by one of the jurors, will not constitute sufficient ground for setting aside the verdict, when it appears that such juror had, prior to such reading, made up his mind as to the verdict, and it appears that the other jurors did not read it, and that their minds were in no way influenced thereby.

2. —— Affidavits of the jurors showing these facts are admissible.

*Appeal from Crawford Circuit Court.*

FRIDAY, JUNE 6.

ACTION of replevin, jury trial, verdict for plaintiff, which, on motion of the defendant, was set aside by the court and a new

Morris v. Howe.

trial ordered. From this order plaintiff appeals. The further facts of the case appear in the opinion.

*Clinton, Hart & Brewer* for the appellant.

*Montgomery & James* for the appellee.

MILLER J.— Upon the issues joined a jury trial was had and the following verdict returned, to-wit:

"*First.* — That the plaintiff was the owner of and entitled to the possession of the property.

*Second.* — That he had sustained damages in the sum of five dollars."

The defendant filed a motion to set aside this verdict and for a new trial, for the following, among other reasons:

"That the jury, without the knowledge of the defendant or his counsel, in their retirement, had with them and read the deposition of William G. Morris not offered or introduced in evidence, and marked 'filed January 13, 1873,' and which had, on motion, been suppressed by the court."

In support of the motion defendant filed the affidavit of C. F. Buss, one of the jurors who tried the cause, stating "that the jury in their retirement had with them the deposition of William G. Morris, marked, filed January 13, 1873, and that during the deliberations of the jury he (I) read a portion of the same."

Also the affidavit of the attorneys who tried the cause on behalf of the defendant that neither of them had any knowledge that the jury had taken the said deposition with them in their retirement, and that one of said attorneys examined the papers returned into court with their verdict as soon as so returned, and found said deposition among them.

On the other hand plaintiff filed an affidavit signed and sworn to by ten of the jurors denying that they had any knowledge that the deposition in question had been taken to their room, and denying that they ever saw or read it, or knew its contents, and stating that their " voice in the verdict rendered

was wholly uninfluenced by any thing contained in said deposition."

Also the deposition of A. F. Bond, another of the jurors, to the same facts, except that he "knew said deposition was among the papers, and that he looked at the signature of Wm. Morris, thereto, but did not read the deposition, and did not know the contents nor any part thereof."

Also an additional affidavit of Buss, the juror who made the first affidavit in support of defendant's motion, stating that he read the portion of the deposition a short time before the jury agreed on the verdict rendered ; that he read it to himself; that his voice in the verdict was in no manner biased or changed by seeing and reading the portion of the deposition ; that he had firmly made up his mind in the cause prior to reading the same, had expressed the same by ballot and openly ; that he was in no manner influenced by reading the deposition, nor did he in any manner use the same to influence others, and that at the time he read the portion of the deposition the jury had already agreed upon the *fact* as to which party was entitled to the property, said verdict being for the plaintiff.

The plaintiff also filed an additional affidavit of the juror Bond, stating that when the cause was being argued to the jury by B. F. Montgomery, attorney for defendant, said Montgomery handed to the jury the deposition of Morris, together with other papers signed by said Morris, and requested the jury to examine the signatures thereto in determining the credibility of said Morris, and that said Montgomery handed the papers, including said deposition, to said juror when the jury retired to consider on their verdict.

In response to this last affidavit, Montgomery makes affidavit denying having any knowledge of handing the deposition to any of the jurors on their retirement.

Defendant filed a motion to "strike out and suppress all of that part of each and all the affidavits of the jurors, filed in the cause by the plaintiff in resistance to defendant's motion for a new trial, except so far as they state that the deposition of William G. Morris was taken to the jury-room, and was or

was not in the jury-room and was or was not read during their retirement to consider upon their verdict," for the reason that " said portions of said affidavits are statements by the jurors of facts which inhere in the verdict."

This motion was sustained, and also a motion for a new trial.

These rulings are severally assigned as error by appellant.

I. The rule established by this court in respect to the admissibility of affidavits of jurors, for the purpose of *avoiding* their verdict, is that they may be received for that purpose " to show any matter occurring during the trial or in the jury-room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent or attorney ; that witnesses or others conversed together upon the facts or merits of the cause out of court in the presence of the jurors ; that the verdict was determined by aggregation and average or lot, or game of chance or other artifice or improper manner ; but that such affidavits to *avoid* the verdict may not be received to show any matter which does necessarily inhere in the verdict itself, as that the juror did not assent to the verdict ; that he misunderstood the instructions of the court ; the statements of the witnesses or the pleadings in the case ; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment or other matters resting alone in the juror's breast." *Wright* v. *The Ill. & Miss. Telegraph Co.*, 20 Iowa, 195, where the English and American cases are examined.

The rule established excludes the affidavits of jurors showing matters which necessarily inhere in the verdict when offered to *avoid* the verdict, but it does not expressly hold the converse — that such facts may not be shown by the affidavits of jurors to *sustain* their verdict, and whether such is the logical result of the rule established we are not called upon in this case to decide, for, the defendant's motion to strike out of the affidavits reaches much farther than this. It is to strike out and suppress from the affidavits all facts except as to whether the deposition of Morris was or was not in the jury-room, and whether it was or was not read there by the jurors.

Some of the affidavits contained other facts which were proper to be shown, as for instance in the second affidavit of the juror Buss, it is stated that, before reading the small portion of the deposition which he did read, he had firmly made up his "mind and had expressed the same by ballot and openly," and that the jury had previously "agreed upon the fact as to which party was entitled to the property, said verdict being for the plaintiff." These facts are not such as necessarily inhere in the verdict itself. They are independent facts tending to show that no prejudice resulted from the reading of the deposition by the juror, for certainly, if the verdict had been fully agreed upon before any of the jurors looked at or read any part of the deposition, no prejudice could result from the reading of it by them afterward, and the mere fact that a deposition is taken by the jury to their room, but not read until after they have found a verdict, is not sufficient to vitiate it. This was the only juror who read any portion of the deposition, and it was competent to show by him *facts* tending to prove that such reading could not have influenced him in his verdict . The *facts* stated by the juror in his second affidavit show that the verdict as to the ownership of the property was agreed upon prior to his reading the deposition, and therefore such reading could not have in any manner affected his verdict. The affidavit of this juror shows that he read a small part of the deposition *before* the jury had agreed upon their verdict for *damages*. Now, if the deposition contained any thing touching the question of damages prejudicial to the defendant, we might be justified in presuming that the juror was influenced thereby. *Stewart* v. *Bur. & Mo. R. R. Co.*, 11 Iowa, 62. But the deposition which is set out in the record relates solely and entirely to the question of the ownership of the property and therefore could have worked no prejudice in respect to the question of damages.

II. Another juror, Bond, in his affidavit, states that he looked at the signature of William Morris to the deposition, but did not read the deposition and did not know its contents, nor any part thereof. This juror, in a subsequent affi-

davit, also stated that during the argument of the cause to the jury, the attorney of defendant called the attention of the jury to and requested them to examine the signature of Morris to the deposition. This statement is not denied by any one. While Montgomery, defendant's attorney, denies having handed the deposition to the jury on their retirement, he does not deny handing it to them during the argument, for their inspection. The deposition having been thus shown to the jurors, by defendant, for the purpose of examining the signature of the witness thereto, he cannot be heard to object that one of the jurors looked at the same signature in the jury-room.

The court having erred in sustaining defendant's motion to strike out portions of the affidavits of juriors filed by the plaintiff, and it clearly appearing that no prejudice resulted to the defendant from the fact that the deposition was in possession of the jury, the order setting aside the verdict will be reversed and the case remanded for judgment on the verdict.

Reversed.