Bingham v. Foster.

BINGHAM v. FOSTER.

| 37 | 339 |
| 89 | 685 |
| 37 | 339 |
| 91 | 569 |
| 37 | 339 |
| 101 | 27 |
| 37 | 339 |
| 103 | 609 |
| 37 | 339 |
| 109 | 202 |

1. **Jury and verdict:** SEALED VERDICT. Where it is agreed that if the jury shall agree before the opening of court the following morning they may seal their verdict, deliver it to the bailiff and separate, which is accordingly done, this is equivalent to the rendition of the verdict and the recording thereof in open court, and the jury cannot afterward be polled or permitted to dissent therefrom.

2. —— AFFIDAVITS OF JURYMEN. An affidavit of a juryman is not admissible for the purpose of showing that he was unduly influenced by his fellow jurors.

3. **New trial:** NEWLY-DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly-discovered evidence unless it is made to appear that the applicant exercised reasonable diligence to discover the evidence before the trial; nor where the evidence is cumulative.

*Appeal from Wapello District Court.*

TUESDAY, OCTOBER 21.

ACTION on an account for goods sold and delivered. Jury trial. Verdict and judgment for defendant. Plaintiff appeals. The further facts, necessary to an understanding of the points ruled are stated in the opinion.

*T. Bigham* for the appellant.

*S. W. Summers* for the appellee.

MILLER, J. — I. The record shows that upon the submission of the case to the jury, the parties, by their attorneys, stipu-

1. JURY AND VERDICT.
lated that if the jury should agree upon a verdict before the opening of the court next morning, they should seal the same, deliver it to their bailiff and separate, which was accordingly done.

Upon the opening of the court in the morning, the jurors being present were polled, and one answered that it was not his verdict. Appellant now assigns as error the refusal of the court to set aside the verdict for this reason.

The only error committed was in allowing the jury to be polled. The statute provides that "when by consent of the parties and the court, the jury have been permitted to seal their verdict and separate before it is rendered, such sealing is equivalent to a rendition and recording thereof in open court, *nor shall such jury be polled or permitted to disagree thereto* unless such a course has been agreed upon between the parties in open court and entered on the record. Rev., § 3075. It was therefore improper to allow the jury to be polled, but the court held properly that the juror's dissent from the verdict did not affect its validity.

II. As one of the grounds of appellant's motion for a new trial he filed an affidavit of one of the jurors who tried the cause, as follows:

"The undersigned, one of the jurors on the trial of the above-entitled cause, says that after hearing the evidence in

2. —— affidavits of jurymen.
said case he was well satisfied that it preponderated very much in favor of plaintiff's claim, and such was the opinion of a respectable minority of the jury, but the majority of the jury seemed to be influenced by insinuations of certain members of the jury, who insisted that the witness Rebecca Forbes was a woman of bad morals and ill-fame. Statements were made by one or two of the jury as to what they knew her to be, and obscene remarks were made which threw the jury into confusion, and defamatory remarks were made and frequently repeated in the jury room

with regard to said witness which were not claimed to have been supported by any impeaching testimony, or otherwise.

" That it was impossible for the jury to come to any other than a verdict for plaintiff, unless the evidence of said witness was entirely disregarded — that a majority of said jury refused to give to said witness any credibility whatever ; and this they did from statements which were made by some of the jurors, not supported by any evidence produced upon the trial, but from their pretended knowledge of said witness, and that the minority were either compelled to yield or hang the jury ; that if the witness Rebecca Forbes swore to the truth in this case, plaintiff was entitled to their verdict in her favor, in the opinion of affiant."

This affidavit was stricken from the files on defendant's motion, and we think properly so, for the substance of it is a showing that the juror was " unduly influenced by his fellow jurors" in the determination of the verdict, rather than improper conduct on the part of other jurors sufficient to vitiate the verdict.     See *Wright* v. *The Ill. & Miss. Tel. Co.*, 20 Iowa, 195, and cases cited.

III. Another ground of appellant's motion for a new trial was for newly discovered evidence.   It does not appear that plaintiff had exercised reasonable diligence to discover this evidence before the trial, and the newly discovered evidence is cumulative merely.   For these reasons there was no error in overruling the motion for a new trial on this ground.   *Manix* v. *Malony*, 7 Iowa 81; *Reeves* v. *Royal*, 2 G. Gr. 451 ; *Sturgeon* v. *Ferron*, 14 Iowa 160 ; *Wilhelmi* v. *Thorington*, id. 537 ; *Lisher* v. *Pratt*, 9 id. 59 ; *Richards* v. *Nichols*, 19 id. 555 ; *Carson* v. *Cross*, 14 id. 463 ; *Darrance* v. *Preston*, 18 id. 396.

3. NEW TRIAL.

IV. Lastly, it is urged that the verdict is against, and not sustained by, the evidence.   The evidence is essentially conflicting, so much so that a verdict for either party could not be disturbed by this court under the rule it has established.

The judgment of the district court will be

Affirmed.