## DUNLAVEY v. WATSON.

1. **Husband and wife:** INTOXICATING LIQUORS: DAMAGES. In an action for damages by a married woman, under Chapter 47 of the Laws of 1862, evidence of the husband's habits prior to the sale of intoxicating liquors to him by defendant is competent.

2. ———: ———: EVIDENCE. In such a case the age, condition in life, and circumstances of the plaintiff and her husband, and his habits of industry and ability to support his wife before the acts complained of and subsequently, are admissible to aid the jury in determining the extent of the injury. *Guengerech v. Smith,* 34 Iowa, 348, distinguished.

3. **Practice:** VERDICT: EVIDENCE. A verdict, if it is not unsupported by evidence, will not be disturbed, even where it might appear that the case coming before this court as an original question would be decided otherwise.

4. **New trial:** EVIDENCE: CONTINUANCE. The proper relief for a party surprised by the disclosure of evidence upon trial, is in an application for continuance, and if he fails to make such application, a new trial will not be granted on the ground of surprise.

5. ———: ———. A new trial because of newly discovered evidence will not be granted without a showing of diligence by the applicant to obtain the evidence in time for trial. *Held,* also, that evidence to impeach the character of a witness, if newly discovered, is not such as affords ground for a new trial..

6. **Verdict:** AFFIDAVIT OF JUROR. A verdict cannot be impeached by the affidavit of a juror that the jury has been influenced by statements made in the jury room by one of their number.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, JUNE 10.

The plaintiff brings this action under Chapter 47 of the laws of 1862, to recover damages from the defendant for having sold intoxicating liquors to Thomas Dunlavey, the husband of plaintiff, whereby she alleges she has been injured in her person and means of support. The cause was tried to a jury who rendered a verdict for plaintiff for two hundred dollars. A motion for a new trial was overruled and judgment rendered on the verdict. Defendant appeals.

*J. C. Wyllis*, for appellant.

*Brown & Sears*, for appellee.

MILLER, CH. J.—On the trial the court, against defendant's objection, admitted testimony, tending to show what the habits of the plaintiff's husband were, as to industry and sobriety, prior to the time when defendant sold him intoxicating liquors, and what those habits were subsequently. This ruling is complained of as erroneous.

The second section of Chapter 47 of the Laws of 1862 gives to "every wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person," a right of action "against the person or persons who shall, by selling intoxicating liquors as in the act set forth, cause the intoxication of such person, for all damages actually sustained as well as exemplary damages."

*1. HUSBAND AND WIFE: intoxicating liquors: damages.*

If the plaintiff's husband was a sober, industrious man, providing for and supporting his family, prior to the time when the defendant caused his intoxication by selling to him

intoxicating liquors, and that after such sales and in conse-
quence thereof he became less industrious than he had been
before; that such sales of intoxicating liquors caused him to
neglect his business or work, or to squander his means to any
extent so as to decrease the means of support for his wife, it
would seem quite clear that the wife would be thereby injured
in her "means of support." The testimony offered to estab-
lish this fact was, therefore, admissible for that purpose.

II. Appellant's counsel urges that the fifth instruction
given by the court is erroneous in that it authorized the jury
to find in favor of the plaintiff for the "loss of society and
companionship of her husband." In this counsel are clearly
mistaken, for the instruction complained of pointedly tells the
jury that "the plaintiff cannot recover for the loss of society
and companionship of her husband." The objections urged
against the next two instructions are based upon this same
mistake as to the purport of the fifth instruction.

III. The appellant complains of the giving by the court of
the following instruction to the jury: " If you find for the
2. ——:——: plaintiff, you will consider the age and condition
evidence. in life, and the circumstances of the plaintiff and
her husband, and his habits of industry and ability to support
his wife before the acts complained of, and subsequent thereto,
and from all the evidence before you, determine how much she
has been injured in her means of support or in her person by
reason of the acts of the defendant complained of."

It would seem that in order for the jury to properly esti-
mate or measure the injury, if any, to the means of support
of the plaintiff, caused by the sale of intoxicating liquors to
her husband by the plaintiff, the facts enumerated in this
instruction were proper to be considered by them. The injury
to the means of support of a married woman caused by the
sale of intoxicating liquors to her husband, by which he
acquires habits of intemperance and idleness, might vary
greatly according to the age, condition, and circumstances of
herself and husband.

These views are not in conflict with the doctrine of *Guen-
gerech v. Smith*, 34 Iowa, 348. That case was an action for

an assault and battery, and the doctrine announced is based upon common law principles. This case rests entirely upon the statute which gives a new and peculiar remedy, not only for the actual damages sustained, but for exemplary damages also. The injury is of a peculiar character not recognized or redressed by the common law. It is recognized as an injury by the statute which provides a remedy therefor.

The evidence, therefore, necessary or competent to establish the injury and its extent, is not confined, necessarily, within the bounds of that admissible to establish a common law tort.

IV. It is urged that the verdict is not supported by the evidence. While the evidence in support of the verdict is not 3. PRACTICE: of an overwhelming character, and though if the verdict: evidence. decision of the whole case were before us as an original question we might find differently on the evidence, we cannot say that the verdict is unsupported by evidence. There is evidence in its support while there is also evidence to the contrary. The jury have passed upon this conflicting state of the evidence, and the court below, who also had the witnesses before it, has refused to disturb the verdict on this ground. It is not proper, therefore, for this court to do so.

V. Appellant insists that the court erred in overruling his motion for a new trial, based on newly discovered evidence. 4. NEW TRIAL: It is first claimed that appellant was surprised by evidence: continuance. evidence given on the trial by plaintiff which he was then unprepared to meet but has since discovered evidence with which he can do so. If the appellant was surprised as he alleged, by evidence on the trial which he could not have been prepared to meet, he should have then and for that reason applied for a continuance. Ordinary prudence demanded this. Instead of doing so, however, he proceeded with the trial, taking his chances of a verdict in his favor. And now being disappointed in this, he seeks a new trial because of surprise. The exercise of ordinary prudence would have guarded against it. (See Revision § 3112, sub. 3.)

Again in respect to the newly discovered evidence there is no showing of facts constituting diligence on behalf of the

appellant to obtain the evidence in time for the trial.    Further than this, a portion of the newly discovered evidence is simply impeaching of the character of the plaintiff's husband, who was a witness for plaintiff, which is not ground for a new trial. *Pelamourges v. Clarke*, 9 Iowa, 1; *Sheppard v. Brenton*, 15, Id. 84; *Wise & Hanslip v. Bosley*, 32 Id. 34.

VI.   It is further urged that there was misconduct on the part of the jury.   It is shown by the affidavit of one of the jurors, "that while the jury were discussing the question as to whether the proof was sufficient to show that the bitters called 'Our Own Bourbon Bitters,' were intoxicating liquors, and some of the jury being of the opinion that they were not, as shown by the proofs; and that thereupon one of the jury stated that he knew they were intoxicating, as he had seen and known of one Laplant drinking them and getting drunk as a fool upon them; and that thereupon the jury determined to find the said bitters were shown to be intoxicating, and so found."

<span style="float:left">6. VERDICT: affidavit of juror.</span>

The fact here shown is one of those which this court has frequently held the affidavit of a juror inadmissible to establish.   The case of *Bingham v. Foster*, (filed at the October Term, 1873, at Dubuque) is exactly in point.   In that case like this, an affidavit of a juror was obtained to show that he had been unduly influenced by a statement of his fellow jurors, and it was held inadmissible to impeach the verdict.   See also *Wright v. The Ill. & Miss. Tel. Co.*, 20 Iowa, 195, and cases cited.   The judgment of the Circuit Court will be

AFFIRMED.