## GRIFFIN & ADAMS v. HARRIMAN.

1. **Appeal:** JURISDICTION: AMOUNT. Where plaintiffs in their petition demanded one hundred and twenty-five dollars, *held* that, had they recovered the full amount of their demand, it would have been one hundred and twenty-five dollars, with interest from the commencement of the action; so that a subsequent tender of twenty-five dollars and costs did not reduce the amount in controversy to one hundred dollars, and did not deprive plaintiffs, upon the rendition of a judgment in their favor for twenty-five dollars, of the right to appeal to this court without a certificate of the trial judge. (See cases cited in opinion.)

2. **Pleading:** WHAT ADMITTED BY TENDER. A tender by defendant in an action admits that the amount tendered is due, but does not necessarily admit all alleged grounds of recovery. Whether these, or any of them, are admitted, must be determined by the pleadings.

3. **Verdict:** SETTING ASIDE: AFFIDAVITS OF JURORS: FACTS INHERING, AND NOT INHERING, IN VERDICT. A verdict cannot be set aside upon the affidavits of jurors, showing that they were unduly influenced by a fellow-juror; for such fact inheres in the verdict. (See cases cited in opinion.) But where a juror, upon what he alleges to be his own personal knowledge, testifies in the jury-room to facts bearing directly upon the issue involved, *held* that such misconduct may be shown by the affidavits of jurors, and is good ground for setting aside the verdict. (See opinion for authorities followed and distinguished.)

*Appeal from Clay District Court.*—HON. GEORGE H. CARR, Judge.

### FILED, MAY 14, 1888.

ACTION to recover rent for the use of land. Defendant tendered twenty-five dollars and costs. The case was tried to a jury, and verdict returned in favor of plaintiffs for twenty-five dollars. Plaintiffs filed a motion for a new trial, which was overruled. Plaintiffs appeal.

*Parker & Richardson,* for appellants.

*Hughes & Chamberlain,* for appellee.

ROBINSON, J.—Plaintiffs allege that they are the owners of a quarter-section of land, which is described; that from January 1, 1882, to March 1, 1887, the defendant used, occupied and cultivated the same, and that such use and occupation were worth the sum of one hundred and twenty-five dollars, which is now due and unpaid. Plaintiffs demand judgment for that sum, with interest and costs. The answer denies all indebtedness in excess of twenty-five dollars.

I. The first question raised for our determination is whether or not the amount in controversy exceeds one

1. APPEAL: jurisdiction: amount.

hundred dollars. It is not shown when the action was commenced, but the petition appears to have been filed April 15, 1887. The tender was made on the twenty-third day of that month. Had plaintiffs established their claim in full, they would have been entitled to recover, in addition to the amount of the tender, the sum of one hundred dollars, and interest from the commencement of the action. *Anderson v. Kerr*, 10 Iowa, 233. The amount in controversy therefore exceeds one hundred dollars. *Holmes v. Hull*, 48 Iowa, 177; *Dryden v. Wyllis*, 51 Iowa, 534. The appeal will be considered without reference to the certificate of the trial judge as to questions of law.

II. The court charged the jury that, under the issues and evidence in the case, "the plaintiffs are

2. PLEADING: what admitted by tender.

entitled to recover from the defendant the fair rental value of the use of so much of the premises described in plaintiffs' petition as was actually occupied and cultivated by him from January 1, 1882, to March 1, 1887." The same rule was substantially announced in another portion of the charge. Appellants insist that, by his tender, the defendant admits their cause of action, and the only question to be determined is the amount of their recovery, and that such amount should be determined, not by the rental value of the portion of the land actually occupied, but

from that of the *entire tract.* The *tender admits that the amount so tendered is due.* *Phelps v. Kathron*, 30 Iowa, 231. It does not, however, necessarily admit all the alleged grounds for recovery. That must be determined by the pleadings. It is true that plaintiffs allege that all the quarter-section was used and occupied by defendant. But the first division of the answer is a general denial in effect; and the second states that, if defendant is indebted to plaintiffs, the amount of such indebtedness does not exceed twenty-five dollars, and that said sum has been tendered and paid into court. It cannot fairly be claimed that anything is admitted by the answer, excepting that the amount tendered is due to plaintiffs on a cause of action included in their suit. It does not admit that defendant used the premises described during all the time named, nor that he used them at any time.

III. One of the grounds of the motion for a new trial was misconduct of members of the jury. It was sustained by affidavits of jurors. Two of the

3. VERDICT: setting aside: affidavits of jurors: facts inhering, and not inhering, in verdict.

jurors swear "that one J. P. Smith, who was a trial juror on said cause, after he got into the jury-room to deliberate on a verdict, stated to the jury that he was personally acquainted with the premises in controversy, and that the land was very poor land, to his personal knowledge; and he used said alleged fact in argument, and for the purpose of influencing the jury to find for plaintiff in the sum of twenty-five dollars; and said fact influenced him in rendering a verdict as rendered in this cause." The affidavits of two other jurors were to the same effect, and, in addition, stated that Smith claimed that, as he had personal knowledge of the character of the land, that fact should be taken as corroborating defendant's witnesses. Smith was examined orally, but testified to nothing which contradicted the affidavits in any material matter. On the contrary, he admitted that he told the jury he had been over the land twice a year for four years; that he told them he thought it was poor land; that it was about such land as the testimony

showed; that a part of the jury were inclined to discredit the evidence of the witnesses for the defense; that he gave no evidence intended as evidence,—it was merely bearing on the credibility of witnesses. Two other jurors corroborated Smith. Defendant moved to strike the affidavits referred to from the files, and the motion was sustained. Appellants complain of this action, and of the action of the district court in over-ruling the motion for a new trial as to the ground in question. Appellee insists that the facts set out in the affidavits necessarily inhere in the verdict, and therefore that the affidavits of the jurors cannot be received to show them, because the verdict cannot be impeached by proof of such facts. Some of the facts set out in the affidavits were undoubtedly of the character alleged by appellee. The verdict cannot be set aside by showing that a juror was "unduly influenced by his fellow-jurors." *Bingham v. Foster*, 37 Iowa, 341; *Dunlavey v. Watson*, 38 Iowa, 402; *Wright v. Ill. & Miss. Tel. Co.*, 20 Iowa, 198. Hence the objection of appellee is well taken as to all averments of the affidavits which charged, in effect, that the jurors were influenced by what Smith said. The fact that they were or may have been so influenced, cannot be proven in that manner. But the affidavits also show that Smith made statements to the jury in regard to the quality of the land in controversy. These statements were made from personal knowledge, and tended directly to support defendant's side of the case. The value of the use of the land depended, in part, upon its quality. Hence that was a material issue. The plaintiffs contended that the land was good, and the defendant that it was poor. The evidence in regard to its quality was conflicting. Hence the statements of Smith, made from personal knowledge, could hardly have been without weight. We think it was error to strike the affidavits from the files, and to disregard the ground of the motion which they were designed to sustain. *Hall v. Robinson*, 25 Iowa, 93. "The jury were bound to determine the case upon the evidence admitted by the court." "That a jury

cannot be permitted, by adding evidence, to make a case different from that which they took with them to their room, is well settled." *Kruidenier v. Shields*, 70 Iowa, 429. See, also, *McLeod v. Humeston & S. Ry. Co.*, 71 Iowa, 138; *State v. Cowan, ante*, p. 53.

IV. Appellee insists that the ruling of the district court on the motion for a new trial was authorized by THE SAME. decisions of this court rendered subsequent to that in *Hall v. Robinson, supra*. Three cases are cited as sustaining this view. Of these the first (*Cowles' Adm'x v. Chicago, R. I. & P. Ry. Co.*, 32 Iowa, 515) is in entire harmony with our decision in this case. The second (*Bingham v. Foster*, 37 Iowa, 341) is based on the fact that the substance of the affidavit was "a showing that the juror was unduly influenced by his fellow-jurors in the determination of the verdict, rather than improper conduct on the part of other jurors sufficient to vitiate the verdict." A casual reading of the third case cited (*Dunlavey v. Watson*, 38 Iowa, 402) might seem to justify the claim of appellee; but a careful examination will disclose the fact that, in the opinion of this court, the affidavit was designed to show, not misconduct on the part of a juror, but that the verdict of the jury was the result of undue influence. *Hall v. Robinson* was not overruled, nor was any attempt made to establish a rule in conflict with the one therein announced.

We conclude that the motion for a new trial should have been sustained.

REVERSED.