## SARAH PURCELL, Administratrix, v. THEODORE TIBBLES, Appellant.

**Instructions:** IN ABSENCE OF REQUEST. Where the court, on the admission of certain evidence, had stated, in the hearing of the jury, the purpose for which the evidence might be considered, it was not error for the court to fail, of its own motion, to give the statement as an instruction.

**Misconduct of Jury.** A new trial will not be granted because some of the jurors stated to their fellow-jurors that one of the parties would have the right to appeal and the other would not, and because the jurors considered their own experience as to matters similar to those involved in the suit, where the jury had been instructed to consider all the evidence in the light of reason and common experience, and it does not appear that a fair and impartial trial was not had.

**AFFIDAVITS.** The affidavits of jurors that they were unduly influenced by statements of fellow-jurors, cannot be received to impeach their verdict.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, JANUARY 28, 1897.

This action is brought upon a parol contract entered into between plaintiff's intestate, Samuel Purcell, and the defendant, whereby said Purcell agreed to drill a well upon the defendant's farm. Plaintiff claims that defendant was to pay one dollar per foot. Defendant avers that the contract was that said Samuel Purcell was to sink a well upon defendant's farm to a sufficient depth to furnish plenty of water to supply three hundred head of stock, or more, for a period of thirty days, or until the defendant was satisfied the same would furnish sufficient water for his stock; that he was to furnish a well that could not be pumped dry; that, if he failed so to do, said Purcell was not to receive any compensation for said work; that Purcell drilled a well, and placed a pump therein, but said well failed to furnish sufficient water to supply defendant's stock, and was of no value. Other allegations are made which need not be stated. The cause was tried to a jury, and a verdict returned for the plaintiff, and defendant appeals.—*Affirmed.*

*Frank Shinn,* for appellant.

*L. T. Genung* and *Benjamin & Preston* for appellee.

Kinne, C. J.—I. It is said that the court erred in admitting testimony as to how far the reservoir was from the well. We think in this there was no error, and, if there was, it is clear that it could not have prejudiced the defendant. Nor do we discover any error in the remarks of the court touching the purpose for which the evidence relating to the reservoir was admitted. From what the court said, it is certain that the jury could not have been misled. They were expressly told that they could not consider this evidence to determine the flow of water from the well,

or whether it complied with the conditions of the agreement.

II. Error is assigned as to rulings upon the admission of the testimony of several witnesses. We discover no merit in the questions raised, and no error in the rulings.

III. Complaint is made because the court failed to instruct the jury as to the purpose of constructing the reservoir so near the well. As the court had said, in the hearing of the jury, when the evidence was admitted, for what purpose the evidence might be considered, it was not necessary to embody the same thought in an instruction. No such instruction was asked, and it cannot be held error because the court did not instruct upon this feature of the case, upon its own motion.

IV. It is insisted that there was no evidence to sustain the verdict. We shall not discuss the evidence. What the contract between the parties was, and whether the well complied with it, were matters as to which there was a conflict in the evidence; and we cannot say that the evidence did not support the verdict.

V. Finally, it is urged that the motion to set aside the verdict should have been sustuined, because of misconduct on the part of the jury. It was shown by the affidavits of five of the jurymen that, while the jury was deliberating upon its verdict, one of the jurymen said, if the case was decided against the plaintiff, she would have no right of appeal, but if decided against the defendant, he would; also, that one juryman said: "If the well had not plenty of water in it, Tibbles would not have put the reservoir so near the well, and connected it with the well." Another said: "He had put down wells, and that, when they struck sheet water, it cannot be pumped out." Another talked about wells in his

neighborhod, and said, "he knew about that, and when they got down to sheet water they could not exhaust it; that they tested wells in his neighborhood by pouring water into them, just as the witness testified in this case." It is the settled law in this state, that the affidavits of jurors may not be received to impeach the verdict as to any matter inhering therein. So it cannot be shown by such affidavits that a juror was unduly influenced by statements of his fellow jurors. *Wright v. Telegraph Co.*, 20 Iowa, 198; *Bingham v. Foster*, 37 Iowa, 341; *Dunlavey v. Watson*, 38 Iowa, 402; *Griffin v. Harriman*, 74 Iowa, 436 (38 N. W. Rep. 139); *Cowles v. Railway Co.*, 32 Iowa, 515; *State v. Beste*, 91 Iowa, 568 (60 N. W. Rep. 112). Most, if not all of the matters now claimed as misconduct inhered in the verdict, and hence could not be made the basis for setting it aside. No fact is shown from which it can be said that any juror undertook to give evidence in the jury room as to the character of the well in controversy, or the extent of the flow of water from it. Regarding that matter, the discussion appears to have been within the instruction of the court, which directed the jury to "consider all the evidence in the light of reason and common experience." The instruction was not excepted to, and is the law of the case. A man, on entering the jury room, is not expected to banish from his mind knowledge gained from the experiences common to men generally. While the juror must fully and fairly consider all the evidence adduced in the case, and must base his verdict upon that only, still, in arriving at his conclusion, it is his right to so consider and apply such evidence in the light of reason and of those experiences which are common to men generally. It must be presumed, unless the contrary appears, that the jury followed the instructions

given, and were uninfluenced by the remarks touching the right of appeal, and also as to other matters stated by way of argument to their fellow jurors. It is the rule, also, that in order to set aside the verdict, it should appear that the misconduct complained of was such as to satisfy the trial court that a fair and impartial trial had not been had. *Carbon v. City of Ottumwa,* 95 Iowa, 524 (64 N. W. Rep. 414), and cases cited. If it be conceded that the acts of the jurors constituted such misconduct as might be shown by affidavit for the purpose of setting aside the verdict, still it does not appear that a fair and impartial trial has not been had, nor does it appear that the acts complained of were at all instrumental in inducing the verdict complained of. We cannot, under the circumstances disclosed, presume prejudice to the defendant, nor can we say that the trial court erred in not granting a new trial or in any other respect.—Affirmed.