OF THE

## STATE OF IOWA

AT

### DES MOINES, MAY TERM, A. D. 1904,

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

MYRTLE B. DOUGLASS by her next friend, L. OSBORNE, Appellant, v. GEORGE AGNE.

**Appeal:** NOTICE. A notice of appeal to the supreme court is sufficient 1 if it clearly indicates the judgment and court from which the appeal is taken.

**Appeal:** SERVICE OF NOTICE. A next friend need not be served with 2 a minor's notice of appeal from a judgment of costs entered against both.

**Seduction:** DAMAGES: EVIDENCE. The evidence in an action for damages 3 for seduction is examined and held sufficient to sustain a verdict for defendant.

67

**General reputation:** EVIDENCE. Evidence of the general reputation of a witness at the place where he resided three years before the trial, may be shown where it appears that in the interim his residence in various places was so brief as to preclude his acquiring a reputation.

**Instructions:** OBJECTION. A plaintiff cannot complain of the meagerness of instructions on the question of damages, where the general verdict was for defendant.

**New trial:** MISCONDUCT OF JUROR. The consideration by a jury of any evidence not produced on the trial, which it is reasonably probable influenced the result, is such misconduct as will require a new trial, and may be shown by the affidavits of the jurors. Evidence considered and held to show misconduct.

*Appeal from Cedar District Court.*— Hon. W. N. Treich. ler, Judge.

WEDNESDAY, MAY 4, 1904.

ACTION for damages alleged to have resulted from seduction. Verdict and judgment for defendant. The plaintiff appeals.—*Reversed.*

*Wright, Leech & Wright,* for appellant.

*Preston, Grimm & Moffit,* for appellee.

LADD, J.—Appellee insists that the service of notice of appeal did not confer jurisdiction on this court, in that it was entitled as "In the Supreme Court of Iowa," and was

1. APPEAL: notice.

not served on L. Osborne, the next friend. As the notice, when served, is to be filed with the clerk of the district court, save when served on a co-party, doubtless it should be entitled as in the district court. Sections 4111, 4115, Code. But as no particular form is required, even where headed, "In the Supreme Court of Iowa," it will be regarded as sufficient if it clearly indicates the court and judgment from which the appeal is sought to be taken, as in the instant case.

The judgment for costs was entered both against the minor and her next friend, but the latter was not served with notice of appeal. Nor should he have been. He was 

2. APPEAL: service of notice. not an independent party to the action. His only interest was to aid the minor, who labored under disability, in the prosecution of her suit. *Smith v. Dawley,* 92 Iowa 312. Moreover, a reversal could not adversely affect his liability for costs, and, even if deemed a co-party, notice was not necessary. *Clayton v. Sievertson,* 115 Iowa 687.

II.  The plaintiff is a stepdaughter of L. Osborne, who had married her mother June 6, 1900. On the 2nd day of October of the same year, Osborne moved on the farm of

3. SEDUCTION: damages; evidence. defendant's father, for whom he worked nearly eleven months. The defendant and his brother boarded with them while picking corn in the fall, and the defendant again in April and May of the next year. According to plaintiff's story, in the latter part of 1900, and from then on, he went out walking with her, hugged and kissed her frequently, and told her of his love, and about the last of April, 1901, upon his return from the field, found her in the barn, engaged in milking, and, by assuring her of his love, caressing her, and promising to keep her "if anything got the matter," induced her to submit to his embraces. All repetitions of the act are said to have occurred in her bed in the house. Osborne testified to certain attentions paid by defendant, and also that in April he had seen him around there in the barn with the girl, and that they were "getting up off the hay, in by the cow. *  *  * I did not say I caught them at it. I caught them getting up, and it looked suspicious that they were at something." She was then fifteen years of age, and defendant twenty-one. He denied the charge in every particular, and evidence was introduced tending to impeach Osborne. Enough has been said to indicate that this court ought not to say that the verdict is not sustained by the evidence.

III. Several witnesses were permitted to testify, over objection, to Osborne's general reputation for moral character in Rochester and vicinity and at Lime City. At the

4. GENERAL REPUTATION: evidence.

time of the trial, which occurred in November, 1902, he had lived in Davenport since August 20, 1901. Prior to that he had worked for Agne, near Rochester, for about eleven months; had been on Wingart's farm five months, in Tipton four months, in Illinois two months, on Reed's farm one and one-half months, in Lime City for some time, and prior to that had resided in Rochester, near which place he was raised, and vicinity, for ten or twelve years. Whether he had lived continuously in the same locality in Davenport is not disclosed. While he may have established a reputation at each of the places where he tarried after leaving Rochester and Lime City, the probability is against his having done so in such brief intervals before reaching Davenport. Though at the latter place fifteen months, he was occupying rooms at the time of the trial, instead of a residence, and, for all that appears in this record, may have lived in several localities in that city during his stay there. There is no unvarying test by which to determine when a person has been in a place long enough to establish a reputation for what he is, or at least seems to be. It ought not to be so short that one who moves from place to place may, by simulation, avoid having his testimony weighed in the light of his true character. It ought not to be so long that his reformation or degeneration shall be ignored in the investigation of truth. The aim is to ascertain the character of the witness at the very time he has testified, and, to accomplish this, much depends upon the circumstances of each particular case. In view of the many changes of residence prior to moving to Davenport, and the uncertainty as to whether he lived in the same locality all the time while there, we are inclined to uphold the ruling by which the impeaching evidence was received. *McGuire v. Kenifick,* 111 Iowa, 147.

IV.   Complaint is made of the meagerness of the in-
structions on measure of damages.   As the verdict was for
defendant, the plaintiff could not have been
prejudiced by these alleged defects.

5. Instructions.

V.   One of the grounds upon which plaintiff based her
motion for new trial was misconduct of the foreman of the
jury.   In support of the charge, the affidavit of a juror
named Knott was filed, in which he stated,
among other things:   That when the jurors
first retired they were about evenly divided.
That Foreman Kettel then declared in presence of the entire
jury " that the plaintiff, Myrtle Douglass, and her baby,
came to his house before this suit was brought, and stayed
there two days and one night; that he contemplated adopting
the child;   *   *   *   that plaintiff herein told his wife that
the first time defendant had intercourse with her it occurred
in bed, and she never mentioned any intercourse in the barn;
*   *   *   that she told his wife that defendant had had in-
intercourse with her many times, and that it always occurred
in her own bed;   *   *   *   and that plaintiff had not testi-
fied to these things."   That affiant was at first strongly for
plaintiff, but was influenced by what the foreman said to
vote for the defendant, as he believed others did.   Other
matters stated were contradicted by affidavits of the foreman
and another juror, but both were careful not to controvert
what we have set out, save by asserting that several jurors
repeatedly declared " that no matters should be taken into
account in arriving at the verdict except what was testified
to, and the evidence introduced, only, should be considered."

6. New trial: misconduct of juror.

The importance of these statements by the foreman is
manifest when it is recalled that plaintiff had testified that
the seduction had occurred in the barn, and that the only
evidence corroborative of the act of intercourse related to
that transaction.   Moreover, the circumstances under which
the foreman claimed the statements had been made were such
as were likely to impress the jury with the notion of their

truthfulness. A more effective mode of refuting her story can scarcely be imagined. True, some of the jurors talked that they were not to go outside of the record, but they did the very thing which was thought to be improper. These are matters which did not inhere in the verdict. This court has uniformly held that proof that evidence not introduced was considered, and exercised some influence on the result, may be shown by the affidavits of jurymen. *Hall v. Robison,* 25 Iowa, 91; *Stewart v. Ry.,* 11 Iowa, 62; *Hathaway v. Ry.,* 97 Iowa, 747. And it is firmly established that to consider any evidence other than that introduced on trial, which it is reasonably probable influenced the result, is such misconduct as to require a new trial. In addition to the above decisions, see *Coffin v. Gephart,* 18 Iowa, 256; *McLeod v. Ry. Co.,* 71 Iowa, 138; *Griffin v. Harriman,* 74 Iowa, 430; *Montgomery v. Hansen,* 122 Iowa, 222. The case is to be distinguished from those rejecting a juror's affidavit that he has been influenced by his fellow jurors, or as to his reasons for agreeing to the verdict, or that improper arguments were resorted to, or that the character of either litigant was discussed, as these matters inhere in the result, and the affidavits thereof are not admissible. *Dunlavy v. Watson,* 38 Iowa, 398; *Bryson v. Ry.,* 89 Iowa, 684; *Fox v. Wunderlich,* 64 Iowa, 187; *Purcells v. Tibells,* 101 Iowa, 24; *Baxter v. Cedar Rapids,* 103 Iowa, 599; *Fulliam v. Muscatine,* 70 Iowa, 436; *State v. Beste,* 91 Iowa, 568. In one class the affidavits are of facts, and in the other of mere opinions. Proof of facts constituting misconduct on the part of jurors is always permissible. Appellee contends rightly that a new trial ought not to be granted where the verdict returned effectuates justice. See *Hathaway v. Ry., supra; Purcell v. Tibells, supra.* But the evidence was in sharp conflict, and it is not for this court, nor the trial court, to pass upon the issues of fact. These were for the jury's determination, and the plaintiff was entitled to have its decision based on the evidence in-

troduced on the trial, and not the *ex parte* statements of a juror.— *Reversed.*