JONATHAN CARBON V. THE CITY OF OTTUMWA, Appellant.

**Evidence:** JURY QUESTION. After the first trial of this case plaintiff made a sworn statement to defendant's attorney, that he did not wish to further prosecute the case, that he had misrepresented his injury and that the verdict in his favor was unjust. On the second trial he testified that he did not remember making such statement or signing one and that he had been offered a sum to dismiss and had refused. *Held*, it was all for the jury.

**Instructions.** Where an elevator way is part of an area the charge of the court may refer to it as an "area way" though plaintiff alleged that he fell into an "elevator way"; there being no claim that he fell into any part of the area except that which contained the elevator.

**New Trial:** MISCONDUCT OF JUROR. The fact that a juror during the progress of the trial took measurements about the place where plaintiff was injured, is not ground for a new trial where the juror testified that he disregarded the measurements in arriving at a verdict and did not tell of them to any other jurors; especially where the measurements substantially tallied with those furnished by the testimony of the losing party.

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

WEDNESDAY, OCTOBER 9, 1895.

Action for the recovery of damages for a personal injury. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*W. W. Epps,* city solicitor, and *W. S. Coen* for appellant.

*Jaques & Hunter* and *McIntire Bros. & Jamison* for appellee.

Kinne, J.—I. Plaintiff claims that between the hours of 8 and 9 o'clock in the evening of February 3,

1890, as he was walking upon the sidewalk in front of the Second street side of what is known as the "Parks Building," in the city of Ottumwa, and in the exercise of due care, the night being dark and foggy, he stepped into an opening in said walk near the rear end of said building, and fell down an elevator way, a distance of seven or eight feet, sustaining from said fall great and permanent injuries; that the defendant had knowledge of the condition of said walk. Damages are prayed for in the sum of three thousand dollars, including expenses of nursing, medicine, and medical attendance. The defendant denies all of the allegations of the petition, and says that plaintiff's injuries, if any, were received by plaintiff on account of his negligence and want of care. The jury returned a verdict for eight hundred dollars, upon which judgment was entered.

II. Many errors are assigned upon the giving and refusing to give instructions. We shall not undertake to consider all of them in detail. Generally, we may say we have carefully examined all of the complaints made in regard to such rulings, and discover no error. The instructions given embraced very fully and fairly the law touching every question raised in the case, and we have rarely met with a better charge than that given by the court in this case.

Complaint is made because the court, in an instruction given, spoke of the opening into which plaintiff fell as an "area way" instead of an "elevator way." The evidence shows, without conflict, that there was an area way twenty or more feet in length alongside of the building in question, of which four or five feet at the rear end was used as an elevator way. It is said that the petition charges that plaintiff fell into this elevator way, and the instruction should have been limited to that portion of the area way. The instruction complained of relates only to the question of contributory negligence. In other instructions,

given, the jury are told what they must find to entitle plaintiff to recover. Moreover, there is no claim that plaintiff fell into any other part of the area way except that which was occupied by this elevator way. The whole opening was an area way, a portion of which only was used for elevator purposes. The objection to this instruction, in view of others which were given, is exceedingly technical and without merit.

III. The real controversy in this case is as to whether the verdict is sustained by the testimony. It appeared that shortly after his injury was received, plaintiff entered into a written contract with his attorney and physician whereby each of them was to receive one-third of the sum which might be recovered from the city, and the plaintiff was to receive the remaining third; that this case was tried twice in the district court; that at the first trial plaintiff testified that his shoulder was stiff, and that he could not raise his arm above a line parallel to his shoulder. On the last trial there was evidence tending to show that plaintiff, prior thereto, and after the first trial, had sought the attorneys for the defendant, and had said, in their presence and in the presence of others, that he did not want to further prosecute the case; that, before he had signed the aforesaid contract, he had no thought of suing the city; that the verdict upon the first trial (seven hundred dollars) was wrong and unjust; that he said he had made his shoulder stiff, when in fact it was not so. These and other statements were sworn to by plaintiff, and made the basis upon which a new trial was asked. A new trial was granted, and, on the last hearing, plaintiff testified that he did not remember that he made such statements. On the last trial the court instructed the jury to disregard the fact that plaintiff had made the contract heretofore mentioned, but all of the other facts mentioned

were considered by the jury. It is said: "If this judg-ment is permitted to stand, then this court would in effect say: 'Notwithstanding that plaintiff had said distinctly and clearly and deliberately that it was wrong and unjust, and should be set aside, neverthe-less we will allow the judgment to stand against the plaintiff's judgment and choice in the matter.'" No such result would follow an affirmance of the last judg-ment. After it is claimed that plaintiff made the state-ments to which we have referred, the cause came on for trial, was tried, and plaintiff not only was a witness on his own behalf, but testified that he did not remember the statements it was claimed he had made after the first trial, nor did he remember having signed the affidavit for a new trial. He also testified that he had been offered twenty-five dollars within two weeks before the last trial if he would sign a paper dismissing the case, and that he did not sign it. It thus clearly appears that whatever plaintiff's feel-ings as to dismissing the case and ending the litigation were at the time it is claimed he made the statements heretofore referred to, and signed the affidavit for a new trial, he was, within two weeks of the last trial, refus-ing to dismiss his case, and on the last trial denying any recollection of having said what he is charged with saying about the time it is alleged he swore to the affi-davit for a new trial. These matters were before the jury. They saw plaintiff and all of the other witnesses. They observed their conduct. Upon many questions the testimony was conflicting. It may be admitted that the case presents some very peculiar situations. It may be that as jurors we should have reached a dif-ferent result. Still, in view of all the testimony, we cannot say that the jury were not justified in finding as they did. Two juries and two trial judges have passed upon this case. The same result has twice been reached, and the last time after an exhaustive trial.

Under these circumstances, we are not warranted in disturbing this judgment for want of support in the evidence.

IV.   It is urged that the alleged defect in the walk did not in fact exist, or, if it did, that it is not shown that the city had notice of it.   While upon both points there is a conflict in the testimony, still there was sufficient evidence to warrant the jury in finding as it did.

V.   One of the grounds urged for a new trial is the fact that Harvey A. Miller, one of the jurors upon the last trial, while the trial of said cause was in progress, measured the length of the rods around the railing at the point where it is claimed plaintiff fell into the opening. This juror, under oath, says he did not consider the measurement he had taken in arriving at his verdict, nor did he communicate the fact to any member of the jury. It further appeared that the distance as ascertained upon his measurement was about the same as that testified to by one of the defendant's witnesses. It may be admitted that the act of the juror was wrong. It is not, however, every act of misconduct of a juror which will warrant a court in setting aside a verdict. It should be made to appear that the misconduct prejudiced the complaining party.  The circumstances disclosed should be such as to satisfy the trial court that a fair and impartial trial has not been had.   *State v. Accola,* 11 Iowa, 246; *Hall v. Robinson,* 25 Iowa, 91; *Miller v. Root,* 77 Iowa, 545 [42 N. W. Rep. 502]; *Truman v. Bishop,* 83 Iowa, 702 [50 N. W. Rep. 278]; *McComb v. Insurance Co.,* 83 Iowa, 251 [48 N. W. Rep. 1038]; *Perry v. Cottingham,* 63 Iowa, 42 [18 N. W. Rep. 680]. While such acts of jurors are to be condemned, and while they have no right to institute an investigation into the facts of the case outside of those properly placed in evidence before them, still, when, as in this case, there is nothing to show that the misconduct in

any way operated to defendant's prejudice, we should not be justified in disturbing this judgment on account of this unauthorized and improper act of the juror.

VI. Many other errors are assigned. We have fully considered all of the questions thus raised, and discover no prejudicial error in the rulings complained of.—*Affirmed.*