J. E. MONTGOMERY v. AMOS H. HANSON, Appellant.

Sales: BREACH OF WARRANTY. Where a stallion was warranted to be serviceably sound, and in case he should not prove to be a fifty per cent foal getter the buyer should return him, but provided that he should make monthly reports of the condition of the horse and number of mares tried and re-served; *held*, the condition related only to the warranty of the horse as a foal getter, and that an action for a breach as to soundness could be maintained without having submitted the reports.

Misconduct of Jury: VERDICT. A verdict should not be ·set aside and a new trial granted on the ground of misconduct of the jury unless it appears that such misconduct influenced the result, and otherwise would not have been reached.

*Appeal from Story District Court.*—HON. W. S. KENYON, Judge.

MONDAY, JANUARY 18, 1904.

ACTION on breach of warranty in the sale of a stallion. Verdict and judgment for plaintiff. Defendant appeals,. —*Affirmed.*

*I. W. Douglass* and *H. R. Vasey* for appellant.

*H. M. Funston* for appellee.

McCLAIN, J.—The sale of the stallion in question was accompanied by the execution and delivery by defendant to plaintiff of a certain written instrument, in which defendant warranted the horse to be " erviceably ·sound as serving stallion," and agreed that if the horse should not prove himself to be a fifty per cent. foal getter, "after a fair trial on breeding mares," the plaintiff should return him to defendant and receive, another horse of equal value, that was supposed to be sure. In addition to provisions for a privilege to exchange, which are not material in this controversy, it was further stipulated that defendant should not be bound by the conditions of the guaranty unless the plaintiff should submit to him "a monthly report in writing showing the condition of this horse, the number of mares tried and reserved each month from date of purchase."

The case is treated in this court as an action for' breach of the warranty that the stallion was serviceably sound, and all errors assigned are with reference to plaintiff's right to recover on this ground., In the: trial court there was a controversy under. the evidence as to whether plaintiff had made monthly reports:

1; BREACH of warranty.

in writing, and that question was submitted to the jury in such way that we must infer from their verdict that they found such reports to have been made; and we have no disposition to interfere with the conclusion reached by the jury on that question.   But even if the court erred in submitting this question to the jury, we should not be inclined to reverse the case, for, as it seems to us, the condition requiring monthly reports ought not to be construed as applicable to the warranty as to the serviceable condition of the stallion.   The monthly reports would be important with reference to the warranty that the stallion would prove to be a fifty per cent. foal getter, and we think it must be confined to that particular warranty.   It is nowhere required in the contract that, if the stallion be found not serviceable, the plaintiff should return him to the defendant.   As we interpret the contract, the plaintiff might keep the stallion, aand sue for damages for the breach of warranty; and such suit might, of course, be brought at any time within ten years.   It certainly was not contemplated that for this entire period the plaintiff, if he should seek to recover for breach of warranty, should show that he had made monthly reports.   It is not stipulated for what length of time these reports should continue, and with reference to the suit for breach of this warranty the condition was too indefinite and uncertain to be binding.

Error is assigned on the overruling of plaintiff's objection to certain exhibits offered in evidence by defendant, such exhibits being letters from plaintiff to defendant with reference to the transaction; but, in the view which we take of the case, these letters were wholly immaterial, and therefore the ruling, if erroneous, was not prejudicial.

Defendant moved to set aside the verdict and for a new trial on the ground of misconduct of members of the jury.   The misconduct alleged was, first, that a juror during a recess of court was present at a conversation between

outsiders in which the merits of the case were discussed;
2. **Misconduct of jury: verdict.** and, second, that, in considering the case in the jury room, jurors stated facts which
they had heard outside of court, and such facts were discussed by the jurors while the verdict was being considered.    With reference to the first of these allegations, it
is enough to say that it is wholly insufficient, for the reason
that what was shown did not amount to misconduct, or
appear to have been prejudicial.    The conversation was
not directed to the juror, nor did any of the parties know
that a juror was within hearing; and there is no showing
whatever that the juror was influenced by what was said,
or that he in any way acted improperly.    With reference
to the second ground, it is sufficient to say that there is no
showing that the verdict was influenced by the casual discussion in the jury room of extraneous matters.    It will
be presumed that the jurors did their duty, and based
their verdict upon the evidence.    The successful party
ought not to be defeated simply because jurors engage in
unnecessary or improper discussion, and a verdict should
be set aside only where it appears that it is a result of
such misconduct, and but for the misconduct the verdict
would not have been reached.    *Fulliam v. Muscatine*, 70
Iowa, 436; *State v. Cross*, 95 Iowa, 629; *Hathaway v.
Burlington, C. R. & N. R. Co.*, 97 Iowa, 747.    The affidavits filed do not show any prejudice resulting to defendant from the alleged misconduct of jurors, and the court
therefore properly overruled the motion for new trial on
this ground.

Some rulings on objections to testimony are argued,
but, under the view which we take of the case, the evidence excluded was wholly immaterial, and the questions
raised need not be further discussed.

The judgment of the trial court is AFFIRMED.