NORTON, Executor, Respondent, *v.* GREAT NORTHERN RAILWAY CO. et al., Appellants.

(No. 5,999.)

(Submitted January 7, 1927. Decided February 11, 1927.)

[254 Pac. 165.]

*Personal Injuries—Railroad Crossings—New Trial—Misconduct of Jury—When Ground not Maintainable—Insufficiency of Evidence—Conflict in Evidence—Appeal—Presumption.*

New Trial—Limiting Time for Argument to Jury—Failure to Object or Except to Action of Court Bars Counsel from Urging Point as Ground for New Trial.
  1.  Where counsel without objection or exception acquiesced in an order limiting the time for argument to the jury, they were precluded from urging as a ground of motion for new trial undue limitation thereof, thereby depriving them of a fair trial.

Same— Misconduct of Jury—What not Sufficient to Warrant New Trial.
  2.  Where in an action for personal injuries sustained in a collision between a street-car and a railway train, the operation of air-brakes on a street-car was not involved, the fact that a motorman demonstrated its operation to two of the jurors in the case while
  78 Mont.—18

the trial was in progress was insufficient to warrant the granting of a new trial on the ground of misconduct of the jurors.

Same—Misconduct of Jury—Statements Made to Jurors Out of Court—Movant Required to Show That Jurors were Influenced by Statements in Arriving at Verdict.
3.   In the absence of a showing on motion for new trial on the ground of misconduct of the jury (in an action to recover damages for the death of a passenger in a street-car occasioned by collision with a railway train), based on the statement of a street-car motorman to two of the jurors while the case was being tried that a passenger train by the application of air-brakes could be stopped within a certain distance, that the statement influenced the jurors in arriving at their verdict against the railway company, the granting of the motion was not warranted.

Personal Injuries — Railroads — When Required to Maintain Gates or Signaling Device at Crossing.
4.   A railway company is required to maintain gates or a stationary signaling device or keep a flagman at a public highway crossing only when the crossing is more than ordinarily dangerous; hence an instruction which would have submitted the question of the alleged negligence of defendant railway company in failing to maintain such devices at the crossing at which the accident occurred, to the jury was properly refused where the evidence did not show that the crossing was more than ordinarily dangerous.

New Trial—Order General in Terms—Insufficiency of Evidence—Appeal—Presumption.
5.   Where a motion for a new trial was based upon a number of grounds, among them that the evidence was insufficient to justify the verdict, the court granting the motion in a general order, not expressly excluding the ground of the insufficiency of the evidence, and all other grounds were without merit, it will be presumed that the court in the exercise of its discretion granted it on the ground of insufficiency of the evidence.

Same—Conflict in Evidence—Order General in Terms—Presumption.
6.   An order of the district court, general in terms, granting a new trial, will not be disturbed on appeal where the evidence is in conflict, it being presumed that the order was made because the court deemed the evidence insufficient to justify the verdict.

[1]   New Trial, 29 Cyc., p. 792, n. 25.
[2]   New Trial, 29 Cyc., p. 79, n. 73.
[3]   New Trial, 29 Cyc., p. 798, n. 73.
[4]   Railroads, 33 Cyc., p. 944, n. 67; p. 945, n. 69; p. 1133, n. 6; p. 1134, n. 7.   Trial, 38 Cyc., p. 1615, n. 22.
[5]   Appeal and Error, 4 C. J., sec. 2736, p. 784, n. 90; p. 785, n. 92. Trial, 38 Cyc., p. 1711, n. 19.
[6]   Appeal and Error, 4 C. J., sec. 2816, p. 833, n. 57; p. 834, n. 59. New Trial, 29 Cyc., p. 1032, n. 2.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

3.   See 20 R. C. L. 251.
5.   See 2 R. C. L. 192.

ACTION by Alfred B. Norton, as executor of the last will and testament of Henry Burns Norton, deceased, against the Great Northern Railway Company, David F. Rombough, Christopher Joranger and others.   Judgment for defendants, and, from an order granting plaintiff's motion for a new trial, the defendants named appeal.   Affirmed.

*Mr. I. Parker Veazey, Jr., Mr. W. L. Clift, Mr. R. H. Glover* and *Mr. T. B. Weir,* for Appellants, submitted an original and a reply brief; *Mr. Veazey* and *Mr. Clift* argued the cause orally.

Before misconduct of a juror can constitute a sufficient ground for the setting aside of a verdict, it must appear that except for the misconduct the verdict would not have been reached.   (*People* v. *Boggs,* 20 Cal. 433; *Montgomery* v. *Hanson,* 122 Iowa, 222, 97 N. W. 1081; *Carbon* v. *City of Ottumwa,* 95 Iowa, 524, 64 N. W. 413; 20 R. C. L. 256; *Missouri K. Ry. Co. of Tex.* v. *R. G. Andrews L. Co.,* 206 S. W. 823; *Mackinnon* v. *City of Minneapolis,* 117 Minn. 261, 135 N. W. 814; *Burho* v. *Minneapolis & St. L. R. Co.,* 121 Minn. 326, 141 N. W. 300; *Ft. Worth Belt Ry. Co.* v. *Davis* (Tex. Civ. App.), 254 S. W. 219.)   The misconduct of the jurors in question was of a trifling nature, which would be no ground for a new trial.   (*Siemson* v. *Oakland, S. L. & H. Elec. Ry.,* 134 Cal. 494, 66 Pac. 672; *Kimic* v. *San Jose, L. G. Inter. Ry. Co.,* 156 Cal. 379, 104 Pac. 986.)

To warrant a jury in finding that a railway company, in the absence of a statutory requirement, should furnish a flagman or gates at a crossing, it must be shown that the crossing is more than ordinarily hazardous.   (*Grand Trunk Ry. Co.* v. *Ives,* 144 U. S. 408, 36 L. Ed. 489, 12 Sup. Ct. Rep. 679; *Panama Ry. Co.* v. *Piggott,* 254 U. S. 552, 65 L. Ed. 400, 41 Sup. Ct. Rep. 199; *English* v. *Southern Pac. Co.,* 13 Utah, 407, 35 L. R. A.

155, 45 Pac. 49; *Russell* v. *Oregon R. & N. Co.*, 54 Or. 128,
102 Pac. 619; *Hollister* ·v. *Hines,* 150 Minn. 185, 184 N. W.
856; *Glanville* v. *C. R. I. & Ry. Co.*, 190 Iowa, 174, 180
N. W. 152; *Hubbard* v. *Boston & A. R. Co.*, 38 N. E. 366;
*Evans* v. *Baltimore, C. & A. Ry. Co.*, 133 Md. 31, 104 Atl. 112;
*Hornschuch* v. *Southern Pac. Co.*, 101 Or. 280, 203 Pac. 886;
*Opp* v. *Prior,* 294 Ill. 538, 128 N. E. 580; *Cowen* v. *Dietrick,* 101
Md. 46, 4 Ann. Cas. 292, 60 Atl. 282; *Louisville & N. R. Co.*
v. *Cummins' Admr.,* 111 Ky. 333, 63 S. W. 594; *Evansville &*
*Terre Haute R. Co.* v. *Clements,* 32 Ind. App. 659, 70 N. E. 554;
*Northern Cent. Ry. Co.* v. *Medairy,* 86 Md. 168, 37 Atl. 796;
*Trask* v. *Boston & M. R. R.,* 219 Mass. 410, 106 N. E. 1022;
*Conant* v. *Grand Trunk Ry. Co.,* 114 Me. 92, 95 Atl. 444; *Nor-*
*folk & W. Ry. Co.* v. *Wilkes' Admr.,* 137 Va. 302, 119
S. E. 122; *Evans* v. *Erie R. Co.,* 213 Fed. 129, 134, 129 C. C. A.
375; note in *Tisdale* v. *Panhandle & S. F. R. Co.,* 16 A. L. R.
1264.)

Instruction No. 24, given by the court (see opinion), is in
accordance with the principles enunciated in the following
cases: *Terre Haute I. & E. Traction Co.* v. *Phillips,* 191 Ind.
374, 132 N. E. 740; *Lake Erie & W. R. Co.* v. *Johnson,* 191
Ind. 479, 133 N. E. 732.

The plaintiff mainly urges in his brief that the order grant-
ing a new trial can be sustained because it was a general one,
and, therefore, it can be sustained on the ground that there
was a conflict in the evidence and the discretion of the trial
court is generally controlling. If a legal discretion was to be
exercised, the evidence required that this discretion be exer-
cised in favor of the defendant and that the law on this record
prohibited the granting of a new trial. We affirm that, not
only is there nothing in this record to justify upsetting the
verdict as to the appellants, but it affirmatively appears that
this verdict was right. This is due to two reasons: First, the
weight of the evidence, applying to it the rules of law concern-

ing the review of the weight of evidence, was in favor of the appellants; but, additionally, this was peculiarly a case where in a double aspect the jury's judgment must control: (a) The jury's findings on detailed facts are supported by the weight of the evidence, and (b) additionally the jury's determination of the ultimate fact of negligence or no negligence is similarly supported.

*Mr. William Scallon* and *Mr. Joseph R. Wine,* for Respondents, submitted an original and a reply brief; *Mr. Wine* argued the cause orally.

It will be conceded that jurors' affidavits may be received to disprove any misconduct. But where the misconduct is admitted, as here, and where the jurors have secretly received evidence out of court from an employee of one of the parties, and have formed and expressed opinions on evidence already in the record, then the rule is that the misconduct appearing, the jurors will not be heard to say that they were not influenced thereby or that the losing party was not prejudiced. (*Kimic* v. *San Jose etc. Ry. Co.,* 156 Cal. 379, 104 Pac. 986; *Mattox* v. *United States,* 146 U. S. 140, 36 L. Ed. 917, 13 Sup. Ct. Rep. 50; *Woodward* v. *Leavitt,* 107 Mass. 453, 9 Am. Rep. 49; *Morse* v. *Montana etc. Co.,* 105 Fed. 337.)

The close proximity of the crossing in question to the state's capital city; its location between Helena and the suburban town of East Helena; the fact that three parallel lines of railroad tracks of the Great Northern and Northern Pacific railroads intersected this highway close together with a network of tracks in the Northern Pacific yards in close proximity, and the further fact that this crossing was used as a grade crossing for interurban cars, carrying an average of 415 persons daily, —all these conditions, we insist, made said crossing exceptionally and unusually dangerous, and this question should have

been submitted to the jury, as a question of fact, and should not have been disposed of by the court as a question of law, as was done by instruction No. 24. (*Riley* v. *Northern Pac. Ry. Co.*, 36 Mont. 545, 93 Pac. 948; *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 408, 36 L. Ed. 485, 12 Sup. Ct. Rep. 679; *Panama R. R. Co.* v. *Pigott*, 254 U. S. 552, 65 L. Ed. 400, 41 Sup. Ct. Rep. 199; *English* v. *Southern Pac. Co.*, 13 Utah, 407, 35 L. R. A. 155, 45 Pac. 49; *Russell* v. *Oregon R. & Nav. Co.*, 54 Or. 128, 102 Pac. 619; *Fleenor* v. *Oregon Short Line R. Co.*, 102 Pac. 897; *Tisdale* v. *Panhandle & Santa Fe Ry. Co.*, 16 A. L. R. 1264, note; *Central Park Ry. Co.* v. *Kuhn*, 86 Ky. 578.)

That the court did not err in granting a new trial, see *Fournier* v. *Coudert*, 34 Mont. 484, 87 Pac. 455; *Bull* v. *Butte Ry. Co.*, 69 Mont. 529, 223 Pac. 514; *McVey* v. *Jemison*, 63 Mont. 435, 207 Pac. 633; *Kelly* v. *City of Butte*, 43 Mont. 451, 117 Pac. 101; *Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 234 Pac. 490; *Davis* v. *Central etc. Ins. Co.* (Kan.), 245 Pac. 1062.

On the proposition that it is the duty of the court to grant a new trial, we invite the court's attention to some further cases. In the case of *McIntyre* v. *Northern Pac. Ry. Co. et al.*, 56 Mont. 43, at page 50, 180 Pac. 971, the court says: "The legal duty to grant a new trial arises whenever the evidence, in weight, does not justify the verdict. (*Hamilton* v. *Monidah Trust*, 39 Mont. 269, 102 Pac. 335.)"; *Harrington* v. *Butte etc. M. Co.*, 27 Mont. 1, 69 Pac. 102; *St. Louis & S. F. Ry. Co.* v. *Hughes*, 116 Okl. 90, 243 Pac. 169.)

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiff, as executor of the last will and testament of Henry Burns Norton, deceased, brought this action to recover damages alleged to have been sustained by the estate of the deceased on account of personal injuries sustained by the deceased in a collision between an interurban electric car, on which he was

riding as a passenger, and a certain passenger train of the defendant Great Northern Railway Company, which injuries resulted in Norton's death.

The complaint alleges that on December 16, 1924, and for more than five years prior thereto, the car line of the defendant Helena Light & Railway Company, extending between Helena and East Helena, intersected and crossed at a public grade crossing the roadbed and track of the defendant Great Northern Railway Company, at a point about one-quarter of a mile east of the corporate limits of the city of Helena; that on said date the deceased, Norton, was a passenger on a car of said defendant Helena Light & Railway Company from Helena to East Helena, and, while the same was being negligently run and propelled by said Helena Light & Railway Company over said crossing, it came into collision with a passenger train of the defendant Great Northern Railway Company, designated as train No. 238, as a consequence of which Norton received injuries resulting in his death a few minutes later.

Amongst other things, it is further averred that said collision and the resulting injuries to and death of said Norton were due to the negligence of defendant Great Northern Railway Company in failing to install and maintain a stationary signaling device or flagman, or gates with a gateman operating the same, at the crossing; to the negligence of defendants Great Northern Railway Company, Rombough and Joranger (Rombough being the engineer and Joranger the fireman), in that they failed to warn said Norton and defendant Helena Light & Railway Company of the approach of said train No. 238, failed to sound the whistle on the locomotive at a point between fifty and eighty rods from the crossing, and failed to ring the bell on said locomotive from said point until said crossing was reached; that they failed to sound said whistle and ring said bell at a time or place or in a sufficient manner under the circumstances there existing, to give reasonable, timely or any

warning of the approach of said train to persons who were using or about to use said crossing; that they failed to have said engine and train under reasonable, proper and suitable control, and failed to keep and maintain a suitable and proper lookout from said engine and train as they were approaching said crossing.

It is also alleged that said accident and the fatal injuries sustained by Norton were contributed to and caused by the negligence of the defendant Helena Light & Railway Company in failing to keep an adequate lookout for the approach of trains upon the track of defendant Great Northern Railway Company, and permitting the interurban car to cross the track of defendant Great Northern Railway Company, when a train was approaching the track intersection, in failing to have its employees in charge of said car alight from same and ascertain whether a train was approaching, before propelling the car on to the crossing, and in failing to advise said Norton of the approach of said train.

The defendant Great Northern Railway Company filed separate answer to this complaint, the defendants Rombough and Joranger filed a joint separate answer, and the defendant Helena Light & Railway Company and Miller filed a joint separate answer. Replies were filed to these various answers, and issues thereby framed upon all the allegations of negligence set out in the complaint. Upon these issues the case was tried before a jury. The court sustained a motion for a directed verdict in favor of the defendant Miller; the jury returned a verdict in favor of all the other defendants, upon which a judgment was duly rendered and entered.

Thereafter the plaintiff moved the court for an order granting him a new trial upon all of the grounds specified in section 9397, Revised Codes of 1921, except the fifth, which motion was based on the records and files in the case, the minutes of the court, and certain affidavits filed in its support. This motion

was granted by a general order, which did not specify any particular ground upon which it was sustained. After the order granting the motion for a new trial was made, the plaintiff dismissed the action as to the defendant Helena Light & Railway Company. The defendants Great Northern Railway Company, Rombough and Joranger have appealed from the order granting plaintiff's motion for a new trial.

1. The plaintiff, in support of his motion for a new trial,
[1]   contended in the lower court, and contends here, that he was prevented from having a fair trial because his counsel were unduly limited in their arguments to the jury, and were not given reasonable opportunity to reply to the argument of defendants' counsel.

Before the arguments of counsel began, the court made this announcement to them: "Each side will be given two hours. I will make a reservation in favor of the plaintiff in the case. If the facts seem to justify it, I will allow him a few minutes more, owing to the fact that there are two defendants." Counsel for plaintiff made no objection to this ruling of the court.

After counsel for plaintiff in his closing argument had consumed a length of time which, added to that taken by his associate counsel in opening the case, made a total of fifteen to twenty minutes in excess of two hours, he inquired of the court how much time he had left, and was advised that he had about five minutes more. He made no objection to the limitation thus made, did not ask for any additional time and proceeded to close his argument within the time allowed. Having acquiesced in the limitation of time placed upon them for argument of the case without objection or exception, counsel were not in position successfully to urge that point on their motion for a new trial.

2. The second ground of the motion for a new trial was
[2]   alleged misconduct of the jury. The facts in this connection, as disclosed by affidavits filed in support of the motion

and the counter-affidavits filed in opposition thereto, are about as follows: While the case was on trial, two of the trial jurors boarded a street-car of the defendant Helena Light & Railway Company, on which one Nichols, who had appeared as a witness on behalf of that company, was motorman, and at the suggestion of one or both of these jurors he gave them a demonstration of the operation of the emergency air-brake on the car when it was running at a speed of twenty-five to thirty miles per hour. After this demonstration some remarks were passed between Nichols and the two jurors, in which the former expressed his opinion as to the distance within which a passenger train made up of one engine and four coaches could be stopped when moving at a rate of thirty miles per hour.

The operation of air-brakes on a street-car was in no way involved in the trial of the case; so the demonstration made by Nichols could not possibly have enlightened these two jurors upon any question under consideration in the case.

Plaintiff made no showing that the bald statement made by
[3] Nichols, with reference to the distance in which a passenger train could be stopped by the application of the emergency brake, had any influence upon the jurors in arriving at their verdict, and it was incumbent upon him to make such a showing to authorize the court to grant a new trial on the ground of misconduct of these jurors. (*Carbon* v. *City of Ottumwa*, 95 Iowa, 524, 64 N. W. 413; *Montgomery* v. *Hanson*, 122 Iowa, 222, 97 N. W. 1081.) While the acts of both the jurors and Nichols are subject to just criticism, they were not, under the showing made by the plaintiff, such as would justify the court in disturbing the verdict of the jury.

3 and 4. Plaintiff made no showing whatever in support of his motion for a new trial on the grounds of accident and surprise or newly discovered evidence.

5. One of the acts of negligence with which defendant Great
[4] Northern Railway Company was charged in the complaint

was the failure to install and maintain at the public highway crossing involved in this case "a stationary signaling device to warn persons using said public highway of the approach of trains, cars, and engines upon the said tracks and right of way of said defendant Great Northern Railway Company; to have, maintain, and operate (at said crossing) a fixed stationary signaling device, or gates, or to keep and maintain a flagman at or near said crossing, to the end that operators of interurban cars and users of said highway at said crossing might be warned of the approach of trains, cars, or engines."

The testimony showed that the crossing in question was located about a quarter of a mile east of the city of Helena, on an infrequently used road, in an open prairie country, and was visible for long distances, from every direction. The interurban cars of the defendant Helena Light & Railway Company passed over the crossing twice every hour between 6 o'clock in the morning and midnight. Miller, the conductor of the streetcar involved in the collision, testified that there were not many trains passed the crossing at times when the interurban cars went by it.

Another witness, Kemp, Great Northern section foreman in charge of the railroad track which included this crossing, testified that he had been familiar with it for a period of about eight years; that it was not a busy crossing; that, in working near the same from 8 o'clock in the morning until 5 o'clock in the afternoon, not more than one or two vehicles would be seen to pass over it. Many photographic exhibits showing the crossing and approach thereto were introduced in evidence, and they all tended to show that the highway approaching this crossing was but little used.

On this state of the evidence, plaintiff asked the court to give his instruction No. 16, which would have submitted to the jury the question of the alleged negligence of the defendant Great Northern Railway Company in failing to maintain a flag-

man or to install a signaling device at the crossing, as set forth in the above-quoted portions of the complaint. The court refused to give this instruction, but gave instruction No. 24, as follows: "You are also instructed that the evidence adduced in this case is not sufficient to warrant a finding by you that defendant Great Northern Railway Company was negligent in failing to install and maintain stationary signaling devices, gates, or a flagman at the crossing in question, but this is not to be understood as preventing you from considering the situation at this crossing at the time of the collision in passing upon the other charges of negligence alleged."

In his motion for a new trial, plaintiff specifically claimed that, by refusing to give this instruction No. 16, the court committed prejudicial error against him.

In *Glanville* v. *C., R. I. & P. Ry. Co.,* 190 Iowa, 174, 180 N. W. 152, after an extended review of the authorities, the court said: "The law seems to be fully settled that a railway company is required to station a flagman or install electric or other signaling devices only when, owing to its situation, surroundings or use, the crossing is more than ordinarily dangerous, * * * and of a character such that other than statutory warnings are essential to the reasonable protection of travelers on the highway, about to cross the railroad tracks."

A great number of cases sustaining the rule announced by the Iowa court will be found cited in an extended note in *Tisdale* v. *Pan Handle & S. F. R. Co.,* in 16 A. L. R., at page 1273.

The evidence in this case falls far short of establishing that the crossing in question was, by reason of its situation, surroundings or use, more than ordinarily dangerous. And this condition would not have been altered had the court permitted the witness Schultz to testify concerning the total number of passengers per day carried over the crossing by the defendant Helena Light & Railway Company, as set forth in the plain-

tiff's offer of proof.   The court properly refused to give plaintiff's requested instruction No. 16.

6. In his motion for a new trial, plaintiff also claimed specifically that the court erred in refusing to give his offered instructions Nos. 26, 5, 20 and 24.   Without giving extended consideration to these instructions, we deem it sufficient to say that No. 26 had application only to the defendant Helena Light & Railway Company, and did not at all affect the defendants Great Northern Railway Company, Rombough and Joranger, and that the substance of proposed instructions Nos. 5, 20 and 24 was sufficiently covered by other instructions given to the jury.

From what has been heretofore said, it is clear that, if the record disclosed the motion for a new trial had been sustained upon any of the matters above discussed, the order granting it would have to be reversed.

7. This brings us to a consideration of the remaining ground [5] of the motion for a new trial, *viz.,* the insufficiency of the evidence to justify the verdict.

As above pointed out, there was not in the case either irregularity in the proceedings of the court, misconduct of the jury, or error of law which entitled the plaintiff as a matter of right to have his motion for a new trial granted, but, since the order of the court was general, and did not expressly exclude the ground of the insufficiency of the evidence, it will be presumed that the court, in the exercise of its discretionary power, granted the motion because it was of opinion that the evidence was insufficient to justify the finding of the jury. (*Kelly* v. *City of Butte,* 43 Mont. 451, 117 Pac. 101.)

In *Bull* v. *Butte Ry. Co.,* 69 Mont. 529, 223 Pac. 514, the [6] court said: "It has become axiomatic in this jurisdiction and elsewhere that, where the evidence is conflicting, the order of the trial court granting or refusing a new trial will not be disturbed on appeal in the absence of a clear showing

of abuse of discretion. The rule and the reason for it have been stated so often that a citation of authorities is unnecessary, * * * and, while the parties are entitled to the judgment of the jury in reaching a verdict in the first instance, upon motion for a new trial they are equally entitled to the independent judgment of the court as to whether the verdict is supported by the evidence.''

In the two cases above referred to, and in *Gardiner* v. *Eclipse Grocery Co.,* 72 Mont. 540, 234 Pac. 490, numerous decisions of this court will be found cited showing that the rule referred to in the *Bull Case* has always been followed in this state.

After the court, by instruction No. 24 quoted above, eliminated from the consideration of the jury the alleged negligence of the defendant Great Northern Railway Company in failing to keep a flagman or to install and maintain stationary signaling devices or gates at the crossing in question as a basis for recovery, there still remained for the determination of the jury the questions whether the defendants Great Northern Railway Company, Rombough and Joranger were negligent in the other matters charged against them in the complaint, and whether such negligence, if any, was the proximate cause of the injuries sustained by the deceased Norton.

The testimony in the case is voluminous, filling something over 1,200 pages, and, in addition thereto, about ninety original exhibits consisting of maps, plats, photographs, *etc.,* were certified up for our consideration. Anything like a detailed statement of the facts testified to by the various witnesses would unduly lengthen this opinion without serving any useful purpose, for in the end we would be forced to state that the testimony is in substantial conflict upon the questions submitted to the jury. The duty of this court under such circumstances is clearly pointed out in the decisions above referred to.

We have searched this record carefully from beginning to end, without finding anything contained in it which would warrant us in making the assertion that the court manifestly abused its discretion in granting the motion for a new trial of the action against the defendant Great Northern Railway Company, Rombough and Joranger.

The order appealed from is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Matthews and Galen concur.