**Brenda J. CAMPBELL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–817.**

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1982.

Eugenia T. Baumann, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Patrick W. Willison, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

In the early morning of November 19, 1979, at approximately 1:30 A.M., projectiles, later described as firebombs, ignited the home of Mary Curtis and her family. The family was roused from their beds as the flames spread. Escape from the burning home was made more hazardous by gunshots apparently being fired at the home.

Regina Curtis, a teenage occupant of the home, later identified the appellant, Brenda J. Campbell, and a co-defendant as being the two persons she saw standing on the burning porch of the home shouting "kill them." A neighbor, Mrs. Alta Billings, subsequently identified the appellant and a co-defendant as the persons firing shots at the Curtis home from a parked car. Bobby Curtis, who also had been in the home, identified the co-defendant's car as one leaving the scene of the crime. After an investigation, the appellant and a co-defendant were charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–79–4582, for the crime of Arson in the First Degree, and each was sentenced to ten (10) years' imprisonment and fined $7,500.00. From this judgment and sentence the appellant appeals.

As the first assignment of error, the appellant argues that the trial court erred when it failed to grant a mistrial based on a conversation had between the court and a juror. This incident occurred when a juror reported to the court in private that he (the juror) had overheard, during a recess, a comment by one of the defense witnesses to a third party. After this revelation, the trial court admonished the juror to disregard the comment. The actions of the trial court were then made part of the record. Counsel for appellant moved for a mistrial and the motion was overruled.

It is well established that it is within the trial court's discretion to grant a motion for mistrial. *Jordan v. General Motors Corporation,* 590 P.2d 193 (Okl.1979); *Boecking Construction Company, v. Callon,* 321 P.2d 970 (Okl.1958).

The appellant cites two cases *Born v. State,* 397 P.2d 924 (Okl.Cr.App.1964), cert. denied, 379 U.S. 1000, 85 S.Ct. 718, 13 L.Ed.2d 701 and *Henderson v. State,* 18 Okl.Cr. 611, 197 P. 720 (1921), to support her contention that the trial judge's communication with this juror constituted reversible error. However, these cases are distinguishable since both are limited to a communication transpiring after the jury has retired for deliberations. In addition, appellant cites 22 O.S.1981, § 857, which also is clearly not applicable to this case, as it deals directly with conduct by the jury after a charge by the court. No charge by the court had yet been made in the case at issue.

The appellant further alleges that the information received by the juror from a source outside the confines of the courtroom adversely influenced the jury's determination. This argument appears beyond the bounds of appellant's first proposition of error. Nonetheless, it is unquestionable that after the court became aware of the incident, it promptly took remedial action and rightly informed counsel on both sides. The appellant alleges that the court failed to allow her the opportunity to determine whether or not the juror could have been affected by what he heard. We agree with defense counsel that the burden is on the appellant to show prejudice from a juror's alleged misconduct occurring before the final submission of a case to the jury. *Broadus v. State,* 553 P.2d 515 (Okl.Cr.App. 1976); *Frew v. State,* 503 P.2d 900 (Okl.Cr. App.1972). We do not, however, agree with appellant's contention that no opportunity was given to make the proper showing. On the contrary, after informing counsel of the incident, the court properly invited response from counsel. Appellant's counsel moved for a mistrial on grounds the juror had been prejudiced, however, counsel did not request to examine the purportedly affected juror to determine if prejudice actually did exist. *Frew* supra; *Still v. State,* 484 P.2d 549 (Okl.Cr.App.1971). The appellant, therefore, failed to meet her burden of

showing prejudice. See also, *Broadus* supra.

In a similar case in another jurisdiction, where a juror during a recess overheard a conversation, the court in *Montgomery v. Hanson,* said:

[W]ith reference to the first of these allegations, it is enough to say that is wholly insufficient, for the reason that what was shown did not amount to misconduct, or appear to have been prejudicial. The conversation was not directed to the juror, nor did any of the parties know that a juror was within hearing; and there is no showing whatever that the juror was influenced by what was said, or that he in any way acted improperly . . . 122 Iowa 222, 97 N.W. 1081 (S.Ct.1904)

In the case at hand, the court considered the incident, allowed counsel opportunity to make inquiry and determined there was no misconduct on the part of the juror, then properly overruled the motion for a mistrial. The action by the trial court was prudent and without error in this regard. *Parks v. State,* 457 P.2d 818 (Okl.Cr.App. 1969). If any doubt existed as to the effect of the overheard conversation, such doubt was cured by the admonishment to the juror to disregard the statement. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.App.1973).

In the other assignment of error, the appellant alleges that the trial court erred in not allowing her to inquire of a defense witness regarding his interest, bias or prejudice, and in not allowing evidence of same to be presented to the jury. This assertion of error involves certain tape recordings made by Campbell and her family of telephone conversations allegedly between her and State's witness, Bobby Curtis. These conversations were purported to have occurred between the date of the crime and time of trial.

■ First, we must point out that this proposition of error is not properly before this Court for review on appeal since it was not set forth in the appellant's motion for new trial or in her petition in error. This constitutes waiver of this ground for appeal. *Shipman v. State,* 639 P.2d 1248 (Okl.

Cr.App.1982); *Hawkins v. State,* 569 P.2d 490 (Okl.Cr.App.1977).

■ Even assuming that this assignment had been properly preserved for review, we note that the trial court held an incamera hearing to determine the relevancy and materiality of the evidence. The trial court found that the proferred evidence was merely cumulative of evidence already presented to the jury. See, *Zackery v. State,* 572 P.2d 580 (Okl.Cr.App.1977). It was within the trial court's discretion to exclude the evidence. *Thomas v. State,* 620 P.2d 1321 (Okl.Cr.App.1980).

The appellant had sought to recall Bobby Curtis for questioning regarding the taped phone conversations but the trial court was not indulgent. The witness had previously testified and had been cross-examined and had denied making the calls. The trial court found no reason to believe this testimony would change and properly denied the request to recall. *Zackery* supra.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

CORNISH, J., concurs in results.

CORNISH, Judge, concurs in results:

The majority opinion apparently misinterprets our holding in *Born v. State,* 397 P.2d 924 (Okl.Cr.App.1964), cert. denied, 379 U.S. 1000, 85 S.Ct. 718, 13 L.Ed.2d 701. The majority opinion and the State's brief assert that the *Born* decision addresses itself to the issue of whether communications with the jury after the jury has retired for deliberations constitute reversible error. In *Born v. State,* supra, this Court never reached this issue. In *Born* the appellant argued he was denied a fair and impartial trial because "the jury was permitted to separate and they were placed in the office of the county commissioner's office and not the regular jury room, . . . and were permitted to intermingle with the spectators. . . ."

*Born* held that this procedure violated Title 22 O.S.1951, § 857, which stated:

"After hearing the charge, the jury may either decide in court, or may retire for

deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

In addressing Born's argument this Court merely held that the record did not contain any proof that Title 22 O.S.1951, § 857 was violated. We stated that a defendant is required to present evidence to the trial judge of any possible violations. "Where there is proof of violations, prejudice is presumed, and the burden is on the State to overcome such presumption." *Born v. State, supra* at 935.

However, I agree with the majority that the *Born* decision does not support the appellant's assignment of error in this case and therefore concur in the result.