**John L. NUNLEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–63.**

Court of Criminal Appeals of Oklahoma.

May 9, 1984.

### ORDER

John L. Nunley was convicted of Arson in the First Degree pursuant to 21 O.S. Supp.1979, § 1401 in the District Court of Oklahoma County Case No. CRF–79–4582. He now appeals his sentence of ten (10) years' imprisonment plus a fine of seven thousand five hundred dollars ($7,500).

It is unnecessary to recite the facts of this case inasmuch as they have already been stated in *Campbell v. State*, 652 P.2d 305 (Okl.Cr.1982), wherein we affirmed the conviction of appellant's co-defendant. The defendants were tried together. On appeal three assignments of error are argued. Appellant first asserts that the trial court erred when it failed to grant a mistrial to the appellant based on a conversation had between the court and a juror. Appellant's second argument asserts that the trial court erred in not allowing the appellant to inquire of a defense

witness regarding his interest, bias or prejudice and in not allowing evidence of the witness' interest, bias or prejudice to be presented to the jury. Both of these issues were raised in identical arguments and presented by appellant's co-defendant in *Campbell v. State,* supra, where they were dealt with on their merits. The arguments were found to be without merit. We find no reason to now decide the matters differently.

■ Appellant's final assignment of error states that the evidence presented at trial was insufficient to sustain a verdict of guilt. We do not agree. The appellant was observed outside the residence near a fire which had been started on the front porch. The fire had clearly been set. The defendant's vehicle was at the scene of the crime and the defendant had threatened the family earlier that evening. It is the exclusive province of the jury to weigh the evidence and determine the facts. *Hall v. State,* 570 P.2d 955 (Okl.Cr.1977). We find that there was ample evidence to support the verdict.

Accordingly, the judgment and sentence is AFFIRMED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 9th day of May, 1984.

> HEZ J. BUSSEY, P.J.
> TOM BRETT, J.